FEDERAL SAVINGS AND LOAN INSURANCE COR-
PORATION, AS RECEIVER FOR MANNING SAVINGS
AND LOAN ASSOCIATION *v.* TICKTIN ET AL.

No. 87–1865.   Argued February 27, 1989—Decided April 3, 1989

STEVENS, J., delivered the opinion for a unanimous Court.

*Richard G. Taranto* argued the cause for petitioner. With him on the brief were *Solicitor General Fried, Deputy Solicitor General Merrill,* and *David A. Felt.*

*James B. Koch* argued the cause for respondents. With him on the brief were *Joseph J. Ticktin, pro se,* and *Irving Faber.*

JUSTICE STEVENS delivered the opinion of the Court.

The Federal Savings and Loan Insurance Corporation (FSLIC), in its capacity as receiver of a state-chartered savings and loan association (Association), brought this action in Federal District Court against former directors of the Association claiming damages for breach of their fiduciary duties under Illinois law. The District Court, relying on Circuit precedent,[1] held that it had jurisdiction of the case pursuant to 28 U. S. C. § 1345 because the FSLIC is an agency of the United States. App. 38–46. However, observing that there was substantial ground for difference of opinion on this controlling question of law, the court certified the jurisdictional question for interlocutory appeal. *Id.,* at 39–46. The Court of Appeals for the Seventh Circuit reversed because it concluded that a proviso included in 20 Stat. 1042, 12 U. S. C. § 1730(k)(1), withdraws federal jurisdiction in cases in which the FSLIC "is a party in its capacity as . . . receiver . . . of an insured State-chartered institution" if the suit "involves only the rights or obligations of investors, creditors,

---

[1] The District Court relied on the Seventh Circuit's opinion in *FSLIC* v. *Krueger,* 435 F. 2d 633 (1970). On appeal, the Seventh Circuit overruled the pertinent holding of *Krueger.* 832 F. 2d 1438 (1987).

stockholders, and such institution under State law."[2]  832 F. 2d 1438 (1987).  Since that ruling, if correct, will require dismissal of a large number of cases concerning the integrity of our financial institutions, we granted certiorari.  488 U. S. 815 (1988).

We resolve the jurisdictional issue by first considering the meaning of 28 U. S. C. § 1345 and then asking whether 12 U. S. C. § 1730(k)(1) enlarges or contracts the grant of federal jurisdiction in cases commenced by the FSLIC.

## I

Federal jurisdiction over cases commenced by federal agencies is conferred by 28 U. S. C. § 1345.  That section provides:

---

[2] Title 12 U. S. C § 1730(k)(1) provides:

"Notwithstanding any other provision of law, (A) the Corporation shall be deemed to be an agency of the United States within the meaning of section 451 of title 28; (B) any civil action, suit, or proceeding to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the Corporation may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: *Provided, That any action, suit, or proceeding to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States.*  No attachment or execution shall be issued against the Corporation or its property before final judgment in any action, suit, or proceeding in any court of any State or of the United States or any territory, or any other court."  (Emphasis supplied.)

Title 28 U. S. C. § 451, in turn, provides in relevant part:

"The term 'agency' includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense."

"Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

Three limits on this grant of jurisdiction are plain from its text. It applies only to civil litigation "commenced" by the federal party; it requires that the agency be "expressly authorized to sue"; and it is subject to such exceptions as may be "otherwise provided by Act of Congress." In view of the fact that this case was commenced by the FSLIC, and the fact that the FSLIC is expressly authorized to sue and be sued,[3] § 1345 supports federal jurisdiction unless another statute otherwise provides. The question, then, is whether 12 U. S. C. § 1730(k)(1) is such a statute.

## II

The text of § 1730(k)(1)[4] indicates that it is a statute that confirms and enlarges federal-court jurisdiction over cases to which the FSLIC is a party. It does so in two ways.

Prior to the enactment of § 1730(k)(1) in 1966, at least one court had expressed some doubt concerning the FSLIC's status as an agency of the United States for purposes of asserting jurisdiction under § 1345. See *Acron Investments, Inc.* v. *FSLIC*, 363 F. 2d 236 (CA9), cert. denied, 385 U. S. 970 (1966). Clause (A) of the statute removed that doubt. The manifest purpose of enacting clause (A) was to foreclose the possible argument that § 1345 does not confer federal agency jurisdiction in cases brought by the FSLIC. Thus, clause (A) lends added support to the jurisdictional basis found in § 1345.

---

[3] Title 12 U. S. C. § 1725(c) provides that the FSLIC "shall have power . . . [t]o sue and be sued, complain and defend, in any court of competent jurisdiction in the United States . . . ."

[4] See n. 2, *supra.*

In addition, clause (B) enlarges the category of FSLIC litigation over which federal courts have jurisdiction because it covers all civil cases in which the FSLIC "shall be a party," whereas § 1345 applies only to those "commenced" by the FSLIC. Thus, the grant of federal jurisdiction in § 1345 is expanded to include cases in which the FSLIC is named as a defendant as well as those in which it intervenes after proceedings are underway. Clause (C) further enlarges federal jurisdiction in cases involving the FSLIC by giving the agency the right to remove civil proceedings from state court to the appropriate federal district court. Thus, placing the proviso to one side for the moment, it is evident that each of the three clauses of § 1730(k)(1) was intended to buttress the FSLIC's access to a federal forum.

There is no doubt that the proviso imposes a limit on this broad grant of federal jurisdiction. It is equally clear, however, that the proviso does not extend to clause (A) and the agency jurisdiction conferred by § 1345. Clause (B) provides that any civil suit in which the FSLIC is a party "shall be deemed to arise under the laws of the United States." Clause (C), in turn, permits the FSLIC to remove "any such action" to federal court. Accordingly, these jurisdictional grants are predicated on the congressional finding that actions to which the FSLIC is a party "shall be deemed to arise under the laws of the United States." The proviso qualifies this finding by describing a subcategory of cases to which the FSLIC is a party that "shall *not* be deemed to arise under the laws of the United States." (Emphasis supplied.) Clause (A), however, does not rely on the presence of a federal question as a jurisdictional prerequisite, but rather confirms that the party-based jurisdiction of § 1345 is applicable in cases brought by the FSLIC. As a result, the proviso's partial retraction of federal-question jurisdiction

has no effect on clause (A), and, *a fortiori*, no effect on § 1345.[5]

The Court of Appeals suggested that notwithstanding the plain language of the statute, Congress must have intended that the proviso apply to clause (A). 832 F. 2d, at 1443–1444. The court reasoned that because clause (B) applies to all civil cases in which the FSLIC is a party—whether as plaintiff or defendant—and because Congress intended to limit this grant of jurisdiction in the manner set out in the proviso, Congress must have intended that the proviso apply to clause (A) as well. To read the proviso otherwise, the court explained, would allow clause (A) "to grant jurisdiction indirectly in those cases that were deliberately and specifically excluded from the jurisdiction granted by part B." *Id.*, at 1444. The problem with this argument is that in an attempt to give the proviso full effect as applied to each class of cases that might fall within clause (B), the court renders clause (A) entirely redundant. Moreover, reading the proviso so as not to apply to clause (A) does not fail to give the proviso full effect as applied to clause (B). Clause (B) provides federal-question jurisdiction in any case in which the FSLIC is a party and the proviso limits this grant. The fact that clause (A) and § 1345 may provide agency jurisdiction in some of these same cases does not change the fact that the proviso has a real effect—it removes one basis of jurisdiction. We thus conclude that the language of § 1730(k)(1) not only plainly provides that the proviso does not apply to clause (A), but also is given its fullest effect by so reading the statute.

Because the proviso does not apply to clause (A), § 1730 (k)(1) is not an Act of Congress that has "otherwise provided" a limitation on the jurisdictional grant in § 1345. Accord-

---

[5] Had Congress intended to limit not only the federal-question jurisdiction of clauses (B) and (C) but also the party-based jurisdiction of § 1345, it could easily have drafted a more general proviso asserting that the defined subclass of cases "shall not fall within the federal jurisdiction."

ingly, the District Court has federal agency jurisdiction over the FSLIC's action.[6]

The judgment of the Court of Appeals is reversed.

*It is so ordered.*

---

[6] Because we conclude that the proviso does not modify clause (A) and that jurisdiction was thus properly asserted under § 1345, we need not address the FSLIC's alternative arguments that the proviso is inapplicable because this suit does not involve "only . . . rights or obligations . . . under State law" and does not involve "only the rights or obligations" of parties listed in the proviso.