**SHEPHERD FINANCIAL CORPORATION, et al., Plaintiffs,**

**v.**

**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver for Commodore Savings Association, Defendant.**

**Civ. A. No. CA 3–89–0123–G.**

United States District Court,
N.D. Texas,
Dallas Division.

April 6, 1989.

Jerome H. Ferguson, Dallas, Tex., for plaintiffs.

Daniel B. Jones, Robert E. Wood, Williford, Collmar & Wood, Beth E. McAllister, William G. Whitehill, Gardere & Wynne, Dallas, Tex., for defendant.

## MEMORANDUM ORDER

FISH, District Judge.

This case is before the court on plaintiffs' motion for new trial in light of *Coit Independence Joint Venture v. FSLIC as Receiver for FirstSouth, N.A.,* —— U.S. ——, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989).[1] Because *Coit* largely overturned the *Hudspeth* doctrine, *id.* at ——, 109 S.Ct. at ——, the motion for a new trial is GRANTED to the extent of vacating the dismissal of the claims against FSLIC.[2]

Nevertheless, in light of recent Supreme Court pronouncements, the court has determined that this case was improperly removed. Therefore, it is remanded to state court.[3]

---

1. Plaintiffs filed this action in state court against Commodore Savings Association ("CSA"). After FSLIC was appointed receiver of CSA by the Federal Home Loan Bank Board, it intervened and removed the case to this court. On March 13, 1989, the court (1) permitted Consolidated Federal Bank, FSB to intervene to pursue a claim against plaintiffs; (2) dismissed the claims against FSLIC under the doctrine stated in *North Mississippi Savings and Loan Association v. Hudspeth,* 756 F.2d 1096 (5th Cir. 1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986); and (3) remanded Consolidated's claims to state court. Consolidated had purchased its state law claim from FSLIC. On March 23, 1989, plaintiffs moved for a new trial regarding the dismissal of claims against FSLIC.

2. Thus, the parties to the case before the court are the plaintiffs and FSLIC as receiver. *See also New Orleans Public Service, Inc. v. Majoue,* 802 F.2d 166, 167 (5th Cir.1986) (even if remand of Consolidated's claims was erroneous, district court divested of jurisdiction to reconsider order of remand).

3. *See Smith v. City of Picayune,* 795 F.2d 482, 484 & n. 2 (5th Cir.1986) (courts should examine propriety of removal, on its own motion if necessary); *Save the Bay, Inc. v. United States Army,* 639 F.2d 1100, 1102 (5th Cir.1981) (duty to constantly examine jurisdiction).

When FSLIC is party to an action, the federal courts have original jurisdiction only if the proviso in 12 U.S.C. § 1730(k)(1) does not apply. *Coit*, —— U.S. at ——, 109 S.Ct. at ——; *FSLIC as Receiver for Manning Savings & Loan Association v. Ticktin*, —— U.S. ——, ——, 109 S.Ct. 1626, 1628, 104 L.Ed.2d 73 (U.S. April 3, 1989); *Carrollton–Farmers Branch Independent School District v. Johnson & Cravens*, 867 F.2d 1517 (5th Cir.1989), *modifying*, 858 F.2d 1010 (5th Cir.1988).[4] The proviso does not apply, for example, when FSLIC commences suit in federal court. *Ticktin*, —— U.S. at ——, 109 S.Ct. at 1628.[5]

Other cases may arise, however, in which FSLIC is a party. For example, this case was brought in state court by the creditor of an institution which was later put into an FSLIC receivership. Section 1730(k)(1)(B) and (C) expand the possible jurisdictional universe of FSLIC litigation. Clause (B) reaches cases commenced by parties other than FSLIC. Clause (C) allows FSLIC to remove them to federal court. *Id.* at ——, 109 S.Ct. at 1628. Yet, the proviso defines the limits of this universe:

> There is no doubt that the proviso imposes a limit on this broad grant of federal jurisdiction.... [T]hese jurisdictional grants [§ 1730(k)(1)(B) and (C) ] are predicated on the congressional finding that actions to which the FSLIC is a party "shall be deemed to arise under the laws of the United States." The proviso qualifies this finding by describing a subcategory of cases to which the FSLIC is a party that "shall *not* be deemed to arise under the laws of the United States."

*Id.* (emphasis in original). Not only did *Ticktin* hold that the proviso defines a category of cases over which this court lacks jurisdiction, but *Coit* also stated,

"The proviso clause sets out the type of suits Congress expected FSLIC to defend against in *state* courts, including suits by creditors against FSLIC as receiver for state-chartered savings and loan associations." —— U.S. at ——, 109 S.Ct. at —— (emphasis added).

In view of the Supreme Court's construction of § 1730(k)(1), this court must depart from its decision in *Crossroads Joint Venture v. Skyline Savings Association*, 704 F.Supp. 746, 748 (N.D.Tex.1988), where it held that the proviso did not apply to such actions. The Supreme Court not only rejected *Crossroad's* holding, but it also rejected its theoretical premises: preemption and absence of jurisdiction in any court. *Crossroads* was compelled by this court's interpretation of *Carrollton–Farmers Branch v. Johnson & Cravens*, 858 F.2d 1010, 1013–14 (5th Cir.1988), *modified*, 867 F.2d 1517 (5th Cir.1989) and of other cases.

*Crossroads* held that once the Bank Board appointed FSLIC as receiver, federal law governed what FSLIC did. Therefore, the proviso was inapplicable. However, as *Coit* made clear, the enabling legislation of FSLIC and the Bank Board, including 12 U.S.C. § 1729, does not preempt state law. —— U.S. at ——, 109 S.Ct. at ——. *Crossroads* also was based on the alternative premise in *Carrollton* that FSLIC could adjudicate claims subject only to Bank Board review. The Bank Board's decision could be reviewed in federal court under the Administrative Procedure Act. Thus, the court had concluded, there was a "comprehensive federal scheme" in place to govern the resolution and payment of creditor's claims. *Crossroads*, 704 F.Supp. at 748 (citing *Carrollton*, 858 F.2d at 1014). After *Coit*, this is no longer so. FSLIC does not adjudicate claims. Rather, actions

---

4. The proviso states:
   Provided, that any action, suit, or proceeding to which [FSLIC] is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States.

5. The Court reasoned that under § 1730(k)(1)(A), FSLIC is an agency of the United States, and thus, under 28 U.S.C. § 1345, federal courts have jurisdiction when FSLIC commences suit in those courts. The Court held that the proviso is not an express exception to the § 1345 grant of jurisdiction. *Id.* at ——, 109 S.Ct. at 1628.

between creditors and FSLIC as receiver may be brought in state court, without exhaustion of administrative remedies. —— U.S. at ——, 109 S.Ct. at ——.

Of course, should parties to a case which would otherwise fall within the proviso bring a federal claim, then this court would have jurisdiction over the action, and discretionary jurisdiction over pendent state law claims. *See Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 618–19, 98 L.Ed.2d 720 (1988). However, this case involves no federal questions. The plaintiffs have brought contract, fraud, and DTPA claims.[6]

Accordingly, this case is remanded to the 354th Judicial District Court of Rockwall County, Texas. Each party shall bear its own costs. A certified copy of this order shall be mailed by the clerk of this court to the district clerk of Rockwall County, Texas. *See* 28 U.S.C. § 1447(c).

SO ORDERED.

---

**6.** Federal jurisdiction may not be based on an answer raising a federal defense. *Franchise Tax Board v. Construction Laborers Vacation Trust*

*for Southern California,* 463 U.S. 1, 13–14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983).