872 F.2d 1257
 57 USLW 2629, RICO Bus.Disp.Guide 7186
 In re SOUTHERN INDUSTRIAL BANKING CORPORATION d/b/a DAVECO.
Thomas E. DuVOISON, Liquidating Trustee-Appellee (87-6102),
Liquidating Trustee-Appellant, (87-6103/04),
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver (for Ten
Failed Banks), Defendant-Appellant, (87-6102),
Defendant-Appellee, (87-6103/04).
 Nos. 87-6102 to 87-6104.
 United States Court of Appeals,
Sixth Circuit.
 Argued Aug. 22, 1988.
Decided April 19, 1989.
 
 Anne C. Sanders, D. Michael Tranum, Joseph G. Murray, Federal Deposit Ins. Corp., Knoxville, Tenn., Michael E. Tucci (argued), for Federal Deposit Ins. Corp.
 James R. Kelley (argued), Dearborn and Ewing, Nashville, Tenn., Gregory D. Smith, Nashville, Tenn., for Thomas E. DuVoison.
 Before RYAN and NORRIS, Circuit Judges, and LIVELY,* Senior Circuit Judge.
 LIVELY, Senior Circuit Judge.
 
 
 1
 This appeal requires us to determine the limits of the jurisdiction of district courts over cases to which the Federal Deposit Insurance Corporation (FDIC) is a party. In making this determination we must construe and apply 12 U.S.C. Sec. 1819 Fourth, which provides in relevant part:
 
 
 2
 [T]he Corporation [FDIC] ... shall have power--
 
 
 3
 Fourth. To sue and be sued, complain and defend, in any court of law or equity, State or Federal. All suits of a civil nature at common law or in equity to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and the Corporation may, without bond or security, remove any such action, suit, or proceeding from a state court to the United States district court for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect, except that any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States.
 
 I.
 A.
 
 4
 This litigation represents another chapter in the efforts of various entities to recoup losses suffered in the collapse of the "Butcher banking empire" in Tennessee and Kentucky. Southern Industrial Banking Corporation (SIBC) was a loan and thrift company organized under the laws of Tennessee. Jake Butcher and his associates gained control of SIBC prior to 1979. On March 10, 1983, SIBC filed a voluntary petition in bankruptcy pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. Secs. 101, et seq. The plaintiff, Thomas DuVoisin, was appointed liquidating trustee under a modified plan of reorganization. The FDIC is a defendant in this action in its capacity as receiver for ten failed "Butcher banks," all of which were chartered under the laws of Tennessee when they failed. The individual defendants, Steiner and Barr, are former associates of Jake Butcher.
 
 
 5
 The complaint, filed as an adversary proceeding in bankruptcy, asserted federal court jurisdiction on the basis of several federal statutes, including 18 U.S.C. Sec. 1964 (Racketeer Influenced and Corrupt Organizations Act--"RICO"), 15 U.S.C. Secs. 77a, et seq. (Securities Act of 1933), and 15 U.S.C. Secs. 78a et seq. (Securities Exchange Act of 1934). In addition, the complaint stated, "This Court has jurisdiction of claims brought under state law by virtue of the doctrine of pendent jurisdiction...." Several Tennessee securities laws were cited.
 
 
 6
 The complaint charged that Jake Butcher and his family controlled and operated the ten failed banks and SIBC "as their own personal accounts, utilizing the tremendous recources and assets of the banks and financial institutions for personal gain for themselves, their family and close associates, as well as to finance the ever expanding debt service requirements of their growing empire." In eight counts the complaint charged that the Butcher family, their associates and the "Butcher Banks" committed acts that violated the federal securities laws and RICO, and violated Tennessee securities laws. It also charged that the defendants conspired to use SIBC as a "dumping ground" for worthless loans generated by the banks and conspired to use SIBC as a tool to carry out fraudulent schemes. The prayer for relief sought actual and treble damages from the defendants for violating statutory prohibitions and for engaging in other illegal conduct.
 
 B.
 
 7
 The FDIC filed a motion to dismiss, denying that the court had jurisdiction over either the federal or the state claims pursuant to 28 U.S.C. Secs. 157 and 1334. The bankruptcy court denied the motion and transferred the matter to the district court for trial. 67 B.R. 399. The FDIC then filed an interlocutory appeal to the district court from the bankruptcy court's denial of its motion to dismiss. Before the district court the FDIC contended that the district court had no jurisdiction over the case because of the limiting proviso of Sec. 1819 Fourth ("except that any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States.")
 
 
 8
 The district court filed an unpublished opinion in which it concluded that the Sec. 1819 Fourth proviso deprived it of subject matter jurisdiction over all claims against the FDIC. It noted that the FDIC was sued solely in its capacity as receiver of state-chartered banks and found that the claims involved only the rights or obligations of creditors, depositors, stockholders and the state bank. Relying upon courts of appeals decisions construing Sec. 1819 Fourth, the district court found that since the FDIC was a party in its capacity as receiver of a state bank, there was no federal question jurisdiction. The district court dismissed all claims against the FDIC and set the claims against the other defendants for a non-jury trial. The FDIC filed a motion to alter or amend the judgment of dismissal, contending that the district court acted correctly in dismissing the pendent state claims but that it erred in dismissing claims against the FDIC as receiver that were based on federal law. The trustee responded, agreeing with the FDIC that the district court had jurisdiction over the federal claims, but asserting that the district court erred in dismissing the state law claims. He argued that the case should not be fragmented; since the district court had federal question jurisdiction over the RICO and federal securities act claims it should assume pendent jurisdiction over the state law claims.
 
 
 9
 The district court denied the motion, but agreed to certify its ruling for immediate interlocutory appeal, and this court granted both parties' motions to appeal pursuant to 28 U.S.C. Sec. 1292.
 
 II.
 
 10
 The parties remain in agreement that the district court erred in ruling that it lacked jurisdiction over the claims against the FDIC based on RICO and the federal securities statutes. The first clause of the second sentence of Sec. 1819 Fourth states that "[a]ll suits of a civil nature at common law or equity" to which the FDIC is a party are deemed to arise under the laws of the United States. This language establishes "federal question" jurisdiction over all such civil actions, and the second clause relieves this grant of jurisdiction from the $10,000 amount in controversy requirement that prior to 1980 was a limitation on federal question jurisdiction under 28 U.S.C. Sec. 1331. (This amount requirement was removed from Sec. 1331 in 1980 with the adoption of Pub.L. 96-486). This unrestricted grant of jurisdiction over civil actions to which the FDIC is a party is limited only by the proviso language that follows. We find nothing in that language to support the district court's conclusion that it lacked jurisdiction over the claims that the banks, in whose shoes the FDIC stands as receiver, violated RICO and federal securities statutes.
 
 
 11
 Three conditions must exist for the proviso exception to apply. First, the FDIC must be a party to "such suit" in its capacity as a receiver of a state bank. This condition was met in the present case. Second, the suit must involve only the rights or obligations of depositors, creditors, stockholders, and the state bank itself. This condition was also met, as the complaint charged the failed state banks with breach of numerous obligations under federal law. Third, the suit must involve such rights or obligations under state law. This condition was not met with respect to the federal claims since the RICO and federal securities counts of the complaint sought to hold the FDIC liable for breaches of obligations imposed on the failed banks by federal, not state, law.
 
 
 12
 The clear language of the statute, including that of the proviso, supports our conclusion. Further, the reason for the proviso would not be served by excluding federal claims against the FDIC from federal court jurisdiction. By excluding from the "arising under" jurisdiction of federal courts those cases in which the FDIC is a party as receiver of state banks and that involve only rights and obligations of such banks, their creditors, depositors, etc., under state law, the proviso reflects Congress' longstanding concern for maintaining a dual banking system in the United States. See generally S.Rep. No. 1482, 89th Cong., 2d Sess., reprinted in 1966 U.S.Code Cong. & Admin.News 3532, 3538, referring to the Financial Institutions Supervisory Act of 1966, Pub.L. 89-695:
 
 DUAL FINANCIAL SYSTEMS
 
 13
 The committee was concerned with the effect of this bill upon the dual banking system and the dual savings and loan system, each consisting of nationally chartered institutions and State-chartered institutions, with the majority of the State-chartered institutions having the benefit of Federal insurance and many of them the benefit of membership in either the Federal Reserve System or the Federal Home Loan Bank System. The committee did not wish to take any action which would do violence to the balance between State and Federal functions and responsibilities which underlies the dual banking system and the dual savings and loan system.
 
 
 14
 As the court stated in Federal Deposit Insurance Corp. v. Sumner Financial Corp., 602 F.2d 670, 679 (5th Cir.1979), viewing Sec. 1819 Fourth as setting out a self-contained jurisdictional scheme is consistent "with the overall pattern of federal supervision of state banking systems." This view of the statute "comports with Congress' general policy that the supervision and regulation of state banks are to be primarily the state's affair." Thus treated, Sec. 1819 Fourth grants "arising under" jurisdiction to the district courts in all cases to which the FDIC is a party except the single, clearly defined class of cases in which recognition and furtherance of the dual banking system is served by excluding such federal jurisdiction. Excluding subject matter jurisdiction over federal law claims against the FDIC as a state bank receiver would not serve the dual banking system.
 
 
 15
 The district court cited cases from this circuit and two other circuits in support of its conclusion. See In re F & T Contractors, Inc., 718 F.2d 171 (6th Cir.1983); Federal Deposit Insurance Corp. v. Sumner, supra; Federal Deposit Insurance Corp. v. Elefant, 790 F.2d 661 (7th Cir.1986). The question in F & T Contractors was whether the federal court had jurisdiction over state law claims against the FDIC as receiver of a state bank for terminating letters of credit issued by the state bank before it failed. These claims were raised by counterclaim in an action brought by the FDIC in its corporate capacity. This court held that the bankruptcy court did not acquire jurisdiction over the state law claims against the FDIC as receiver merely because the FDIC already was before the court in the same case. The FDIC had brought suit in its corporate capacity, not as receiver of the failed bank. The court discussed the statutory authorization for the FDIC to act in two separate legal capacities simultaneously, 718 F.2d at 176, and concluded that the counterclaim came within the exception to the grant of federal jurisdiction set forth in the proviso. Id. at 177. The court did not hold that a claim against the FDIC as receiver of a state bank for violation of federal statutes is outside the jurisdiction of a federal court. That question was not before it.
 
 
 16
 F & T Contractors illustrates the various results Sec. 1819 Fourth dictates in a particular case depending upon the capacity in which the FDIC appears as a party. Federal Deposit Insurance Corp. v. La Rambla Shopping Center, 791 F.2d 215 (1st Cir.1986), involved facts analogous to those in F & T Contractors and the court reached the same conclusion--the fact that the FDIC is a party to an action in its corporate capacity does not render state law claims asserted in the action, otherwise covered by the proviso of Sec. 1819 Fourth, subject to federal question jurisdiction. These cases offer no support for the district court's conclusion. In fact, F & T Contractors echoed this court's treatment of the significance of the FDIC's dual capacity in relation to Sec. 1819 Fourth as set forth in Federal Deposit Insurance Corp. v. Ashley, 585 F.2d 157, 159 (6th Cir.1978), where Judge Peck wrote for the court:
 
 
 17
 If the FDIC was, first, acting as a receiver of a State Bank and, secondly, asserting claims involving only the rights of the State Bank's depositors, creditors, and stockholders and of the State Bank, there would be no federal court jurisdiction. If, on the other hand, the FDIC was acting as an assignee of certain assets of Tri-City Bank and thus asserting rights of its own, then there would be federal jurisdiction.
 
 
 18
 Similarly, Sumner and Elefant did not concern jurisdiction based on alleged violations of federal statutes. In Sumner the FDIC sought to bottom federal jurisdiction on diversity of citizenship and on the fact that it is a government agency, relying on 28 U.S.C. Sec. 1345, which provides:
 
 
 19
 Except as otherwise provided by an Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by an agency or officer thereof expressly authorized to sue by Act of Congress.
 
 
 20
 The court in Sumner held that the limitation in the proviso "cannot be evaded by predicating jurisdiction on some general jurisdictional grant," such as 28 U.S.C. Sec. 1345 or provisions for diversity jurisdiction. 602 F.2d at 677. The court concluded that the "very expansive grant of jurisdiction" in the second sentence of Sec. 1819 Fourth evidences a congressional desire "that cases involving FDIC should generally be heard and decided by the federal courts." Id. at 678. Sumner did not involve claims that were based on substantive federal statutes. The Elefant court agreed, although somewhat reluctantly, that Sec. 1819 Fourth prevents the use of diversity jurisdiction when the FDIC appears in the case as receiver of a state bank. 790 F.2d at 665-66.
 
 
 21
 The district court erred in dismissing the RICO and federal securities act counts.
 
 III.
 
 22
 Several courts of appeals have discussed the question of whether a district court has pendent jurisdiction over a claim involving the FDIC as receiver of a state bank, and otherwise within the proviso of Sec. 1819 Fourth; however, none of them appear to have decided the issue. In Sumner, the court found that the federal law claim to which the FDIC sought to append a state law claim was "entirely without substance." 602 F.2d at 681. The court did not state that if the federal claim had been substantial it would have found pendent jurisdiction over a claim otherwise excluded by Sec. 1819 Fourth. It was merely answering an argument of the FDIC and pointing out that a basic requirement for pendent jurisdiction was missing.
 
 
 23
 In Gaff v. Federal Deposit Insurance Corp., 828 F.2d 1145 (6th Cir.1987) (Gaff II ), this court, on rehearing, reversed its previous order affirming the district court's dismissal of pendent state law claims against the FDIC. See Gaff v. Federal Deposit Insurance Corp., 814 F.2d 311 (6th Cir.1987) (Gaff I ). However, in Gaff, the FDIC was proceeding as receiver of a national bank, not of a state-chartered institution. Thus, in Gaff, we had no occasion to address whether claims that fell within the proviso of Sec. 1819 Fourth could nevertheless be considered by a federal court as claims pendent to cognizable federal question claims. The proviso concerns only those cases to which the FDIC is a party as receiver of a state bank. When the FDIC acts as receiver of a national bank, the granting language of Sec. 1819 Fourth creates federal "arising under" jurisdiction; permitting pendent jurisdiction in such circumstances obviously does not weaken the dual banking system.
 
 
 24
 The trustee relies upon several district court cases interpreting 12 U.S.C. Sec. 1730(k)(1), an analogous statute to Sec. 1819 Fourth, with application to the Federal Savings and Loan Insurance Corporation (FSLIC). In Federal Savings & Loan Insurance Corp. v. Sajovich, 642 F.Supp. 74 (C.D.Calif.1986), the court found that an explicit recognition of the FSLIC's status as an agency of the United States in the jurisdiction statute, Sec. 1730(k)(1), which seemingly permits agency jurisdiction under 28 U.S.C. Sec. 1345 ("[n]otwithstanding any other provisions of law, (A) the Corporation shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28"), was not limited by proviso language strikingly similar to that in Sec. 1819 Fourth. In reaching this conclusion, the district court relied upon two Seventh Circuit decisions. See Federal Savings & Loan Insurance Corp. v. Krueger, 435 F.2d 633 (7th Cir.1970), and Katin v. Apollo, 460 F.2d 422 (7th Cir.1971), cert. denied, 406 U.S. 918, 92 S.Ct. 918, 92 S.Ct. 1767, 32 L.Ed.2d 117 (1972). However, the Seventh Circuit overruled these decisions in Federal Savings & Loan Insurance Corp. v. Ticktin, 832 F.2d 1438 (7th Cir.1987), cert. granted, --- U.S. ----, 109 S.Ct. 52, 102 L.Ed.2d 30 (1988).[1] In doing so, the court of appeals held that cases which fall within the proviso of Sec. 1730(k)(1) should be treated the same as cases within the proviso of Sec. 1819 Fourth. The court found that in Sumner the Fifth Circuit had "addressed persuasively a similar question under Sec. 1819 Fourth." 832 F.2d at 1442.
 
 
 25
 The trustee relies strongly upon Federal Savings & Loan Insurance Corp. v. Capozzi, 653 F.Supp. 591 (E.D.Mo.1987). In Capozzi, the FSLIC sued in both its corporate capacity and as conservator of a failed thrift institution. It sought damages from a number of persons formerly connected with the thrift, including three former directors who challenged the district court's jurisdiction. The district court held that certain RICO counts in the FSLIC's complaint provided the basis for pendent subject matter jurisdiction over other counts that had no independent basis of jurisdiction. These latter counts concerned only rights under state law and were within the proviso exception of Sec. 1730(k)(1).
 
 
 26
 There was no appeal from this holding. The FSLIC appealed only from that portion of the district court's judgment that dismissed the directors who were not named in the RICO counts. In affirming the appealed portion of the judgment, the court of appeals held that the statement of agency status in Sec. 1730(k)(1)(A) does not override the proviso language of the statute. Federal Saving & Loan Insurance Corp. v. Capozzi, 855 F.2d 1319, 1321 (8th Cir.1988). The court specifically followed Ticktin, refusing to give "subsection (A) [of Sec. 1730(k)(1) ] an independent jurisdictional significance." Id. The availability of pendent claim jurisdiction was not before the court of appeals, and we find nothing in its opinion to support the trustee's arguments that Sec. 1730(k)(1) permits the exercise of pendent jurisdiction over state law claims. Finding none of the appellate authority apposite, we will address the issue of pendent jurisdiction as one of first impression.
 
 
 27
 The trustee argues that nothing in Sec. 1819 Fourth precludes the district court from exercising pendent jurisdiction over its state law claims. DuVoisin contends that the proviso merely rules out "arising under" jurisdiction as a basis for suing the FDIC as receiver and does not address other possible bases of federal court jurisdiction. This is literally true. The proviso only states that the described type of cases "shall not be deemed to arise under the laws of the United States." It does not say that there is no jurisdictional basis upon which a claim of the type described can be heard and decided by a federal court--such as pendent jurisdiction.
 
 
 28
 Pendent jurisdiction arises from the power of federal courts to hear cases and controversies "arising under [the] Constitution [and] the Laws of the United States." U.S. Const. art. III, Sec. 2, cl. 1. When there is a substantial federal claim that arises from a common nucleus of operative fact with a state claim, and those claims would ordinarily be expected to be tried together, then a federal court has the discretionary power to treat the claims as one "case" arising under the laws of the United States. United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); Transcontinental Leasing Inc. v. Michigan Nat'l Bank, 738 F.2d 163, 165 (6th Cir.1984). Indeed, federal courts could not function efficiently if they could not decide all of the issues of fact and law that may be before them. See 13B C. Wright and A. Miller, Federal Practice & Procedure Sec. 3567 (1984). Rather than depending upon an independent basis for jurisdiction, then, pendent claims are properly heard only when they are in a sense part of a "case" that presents a cognizable and substantial federal question.
 
 
 29
 Of course, statutory law may limit a federal court's jurisdiction over pendent nonfederal claims. See, e.g. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372, 98 S.Ct. 2396, 2401, 57 L.Ed.2d 274 (1978). Consequently, by enacting the proviso, it is conceivable that Congress intended to prevent pendent jurisdiction as well as "arising under" jurisdiction over claims falling within it. However, we do not believe that was the case.
 
 
 30
 The proviso applies only when the FDIC "is a party in its capacity as receiver of a State bank and [the suit] involves only the rights or obligations of depositors, creditors, stockholders and such State bank under State law." (emphasis supplied) As discussed above, its purpose is to further Congress' desire that a dual banking system be maintained in this country. However, when jurisdiction is predicated upon Sec. 1819 Fourth, the suit, by definition, cannot involve only state law. We see no reason why the dual banking system concept would be affronted by a federal court asserting jurisdiction over a case where the FDIC is a party in its capacity as receiver of a state bank and both federal and state law claims are involved. By using the word "only" to qualify its jurisdictional limitation, it does not appear that Congress intended to forbid pendent jurisdiction under these circumstances.
 
 
 31
 This is understandable, since one may confidently assume that prudent legislators weighed their interest in promoting a dual banking system against the public's interest in judicial economy and fairness to litigants, and concluded that, under these circumstances, any threatened diminution of the dual banking system could be regarded as de minimis. Accordingly, we do not think the proviso was intended to bar the possibility of pendent jurisdiction over state law claims once a federal court's jurisdiction has been invoked through Sec. 1819 Fourth. In such a scenario, there is only one "case" arising under that section, and a federal court should have the power to decide all of the questions of law and fact before it.[2]
 
 
 32
 Because the proviso does not preclude pendent jurisdiction over the state based claims, the district court, upon remand, must determine whether it will exercise jurisdiction over those claims in view of the factors set forth in Transcontinental Leasing, 738 F.2d at 165-66.
 
 
 33
 The judgment of the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Pierce Lively became a senior judge on January 1, 1989
 
 
 [1]
 The Supreme Court recently reversed the Seventh Circuit's treatment of Sec. 1730(k)(1) in Federal Savings & Loan Insurance Corp. v. Ticktin, --- U.S. ----, 109 S.Ct. 1626, 104 L.Ed.2d 73 (1989). The Court held that the proviso in Sec. 1730(k)(1) does not limit the explicit recognition of the FSLIC's agency status and, therefore, does not curtail the grant of agency jurisdiction in 28 U.S.C. Sec. 1345. Because the issue of pendent claim jurisdiction was not before the Court, this reversal does not affect our analysis that pendent claim jurisdiction under Sec. 1819 Fourth is an issue of first impression
 
 
 [2]
 We note that both the state and federal claims are asserted against the FDIC in its capacity as a receiver. The importance is that, given the dual capacities that the FDIC may assume, it could not be considered a single party for purposes of pendent jurisdiction if it was sued in its corporate capacity for one set of claims and its receiver capacity for the other. See La Rambla Shopping Center, 791 F.2d at 220 (refusing to treat the FDIC in its separate corporate and receiver capacities as a single party for pendent jurisdiction purposes)