BUCKNER DEVELOPMENT GROUP, et al., Plaintiffs–Counterclaim Defendants–Appellees,

v.

FIRST SAVINGS & LOAN OF BURKBURNETT, TEXAS, et al., Defendants,

Federal Savings & Loan Insurance Corp., As Receiver for First Savings & Loan Association of Burkburnett, Texas, Defendant–Counterclaim Plaintiff–Appellant.

No. 88–1146.

United States Court of Appeals, Fifth Circuit.

May 30, 1989.

Robert B. Wellenberger, Ramona R. Stephens and Dan W. Joe, Thompson, Coe, Cousins & Irons, Dallas, Tex., for defendant-counterclaim plaintiff-appellant.

Patricia Lambert Stein and Charles W. Stuber, Canterbury, Stuber, Elder & Gooch, Dallas, Tex., for plaintiffs-counterclaim defendants-appellees.

Before GOLDBERG, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:

Appellees filed suit in Texas state court against First Savings & Loan Association of Burkburnett, Texas. The S & L was subsequently placed in receivership with appellant FSLIC. Appellant removed this action to federal court and asserted a counterclaim. The district court dismissed plaintiffs' claims for administrative resolution pursuant to *North Mississippi Savings & Loan Ass'n v. Hudspeth*, 756 F.2d 1096 (5th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986). That dismissal was appealed to a different panel of this circuit and held pending the Supreme Court's decision on the validity of the *Hudspeth* doctrine. The district court also dismissed FSLIC's counterclaim on the ground that the court lacked subject matter jurisdiction. FSLIC has appealed the latter dismissal, asserting the district court had agency jurisdiction over its counterclaim.

The issue of agency jurisdiction over FSLIC's counterclaim has probably become moot. The Supreme Court recently rejected the *Hudspeth* doctrine in *Coit Independence Joint Venture v. FSLIC*, — U.S. ——, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989). In light of *Coit*, the panel deciding the plaintiffs' separate appeal has returned plaintiffs' claims to the district court. *See Buckner Development Group v. First Savings & Loan of Burkburnett, Texas*, No. 87–1369 (5th Cir. Apr. 27, 1989) (unpublished opinion). Thus, FSLIC's counterclaim presumably falls within the district court's ancillary jurisdiction. Should the issue of agency jurisdiction not be moot, or should it arise again in the future, the Supreme Court has determined that federal courts possess agency jurisdiction over civil actions, suits or proceedings commenced by FSLIC. *FSLIC v. Ticktin*, — U.S. ——, 109 S.Ct. 1626, 104 L.Ed.2d 73 (1989). We leave to the district court, if it must be addressed, the question of whether the filing of a counterclaim "commences" a civil action, suit, or proceeding within the meaning of 28 U.S.C. § 1345.

VACATED and REMANDED.