874 F.2d 306
 FEDERAL SAVINGS & LOAN INSURANCE CORP., Plaintiff-Counter
Defendant-Appellee,
v.
George AUBIN, et al., Defendants,
Louis G. Reese, Inc., Louis G. Reese, III and Hampshire
Development Company, Defendants-Counter
Plaintiffs-Appellants.
 No. 88-1740.
 United States Court of Appeals,
Fifth Circuit.
 June 6, 1989.
 
 William M. Ravkind, Dallas, Tex., for defendants-counter plaintiffs-appellants.
 Larry D. Carlson, Derek M. Johnson, Dallas, Tex., Kathryn R. Norcross, Washington, D.C., for FSLIC as Receiver and American Fed. Bank, F.S.B.
 Appeal from the United States District Court for the Northern District of Texas.
 Before REAVLEY, POLITZ and SMITH, Circuit Judges.
 REAVLEY, Circuit Judge:
 
 
 1
 The Federal Savings and Loan Insurance Corporation ("FSLIC"), in its capacity as conservator for two state-chartered savings associations, Mercury Savings Association of Texas and Ben Milam Savings and Loan Association, brought this action in Texas state court seeking to recover under various promissory notes and guarantees executed by the defendants. In response, the defendants raised affirmative defenses and counterclaimed against the FSLIC. The defenses and the counterclaim were based on alleged verbal agreements between the defendants and an individual they claimed was an agent of Mercury and Milam at the time the alleged agreements were made, George Aubin. After the FSLIC filed a third-party petition against Aubin, he removed the case to federal district court asserting jurisdiction under 12 U.S.C. Sec. 1730(k)(1) and 28 U.S.C. Sec. 1345. On September 2, 1988, the district court granted full summary judgment in favor of the FSLIC. On September 15, 1988, the date final judgment was scheduled to be entered, the defendants filed a motion to dismiss challenging the district court's subject matter jurisdiction. The district court denied the motion and entered judgment for the FSLIC; the defendants appeal only the district court's denial of their motion to dismiss. We affirm.
 
 
 2
 The defendants' sole argument on appeal is that the proviso contained in Sec. 1730(k)(1) operates so as to eliminate federal jurisdiction in this case. The Supreme Court's recent decision in FSLIC v. Ticktin, --- U.S. ----, 109 S.Ct. 1626, 104 L.Ed.2d 73 (1989), forecloses this argument. In Ticktin, the Supreme Court held that, while the proviso to Sec. 1730(k)(1) does impose a limit on that section's broad grant of federal question jurisdiction, the proviso does not in any way limit the agency jurisdiction which federal courts possess over civil actions, suits and proceedings commenced by the FSLIC. Id. 109 S.Ct. at 1629. Here, the FSLIC was the party "commencing" the suit;[1] accordingly, the district court had federal agency jurisdiction over the matter.
 
 
 3
 AFFIRMED.
 
 
 
 [1]
 It is insignificant that the FSLIC commenced the case in state court rather than in federal court. See 28 U.S.C. Sec. 1441(a)