**FSLIC, as Receiver for SUNBELT SAVINGS ASSOCIATION OF TEXAS, Plaintiff,**

**and**

**Sunbelt Savings FSB, Dallas, Intervenor,**

**v.**

**Gordon D. BROWNING, Defendant.**

**Civ. A. No. 3–89–0494–H.**

United States District Court, N.D. Texas, Dallas Division.

June 9, 1989.

Charles R. Haworth, Mikel J. Bowers, Sandra Sivinski, Andrews & Kurth, Dallas, Tex., for FSLIC.

C. Michael Moore, David Blanke, Locke Purnell Rain Harrell, Dallas, Tex., for intervenor.

Robert H. Mow, Jr., Paul M. Koning, Hughes & Luce, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court are Defendant's Motion to Remand, filed March 2, 1989; the Federal Savings and Loan Insurance Corporation's ("FSLIC"), as Receiver for Sunbelt Savings Association of Texas ("Old Sunbelt"), Response thereto, filed March 22, 1989; and Defendant's Reply thereto, filed March 27, 1989.

Old Sunbelt originally filed this action on March 8, 1988, in the 298th Judicial District Court, Dallas County, Texas. On August 19, 1988, the Federal Home Loan Bank Board ("FHLBB") appointed the FSLIC as Receiver for Old Sunbelt. Also on August 19, 1988, the FSLIC entered into a purchase and assumption transaction with Sunbelt Savings, FSB Dallas, Texas ("New Sunbelt"). Pursuant to the purchase and assumption agreement, the FSLIC transferred substantially all of Old Sunbelt's assets to New Sunbelt, including the claim asserted in this action.

On February 10, 1989, Defendant filed his first amended answer and for the first time asserted a counterclaim. On February 14, 1989, the FSLIC filed a Notice of Removal and removed the case to this Court. On March 2, 1989, within 30 days of the filing of the Notice of Removal, Defendant filed a Motion to Remand pursuant to 28 U.S.C. § 1447(c) alleging that the FSLIC's removal was untimely.

The FSLIC's right of removal is subject to 28 U.S.C. § 1446(b) which requires that the removal petition must be filed within 30 days after the action becomes removable. *Vernon Sav. & Loan Ass'n, FSA v. Commerce Sav. & Loan Ass'n,* 677 F.Supp. 495, 499 n. 13 (N.D.Tex. 1988). When the FSLIC is appointed receiver for a failed thrift that is a party to litigation, the action becomes removable by the FSLIC and the FSLIC is required to remove within 30 days of its appointment as receiver. *Addison Airport of Texas, Inc. v. Eagle Inv. Co.,* 691 F.Supp. 1022, 1025 (N.D.Tex.1988). Once a thrift has been placed in the receivership of the FSLIC, if the thrift is a party to a pending action the FSLIC is also deemed a party as a matter of law. *Id.* at n. 7.[1]

The FSLIC contends that this case was not immediately removable upon the appointment of the FSLIC as receiver, because the FSLIC was not the real party in interest at that time in light of the simultaneous purchase and assumption transaction with New Sunbelt. It is undisputed that at the time the FSLIC was appointed as receiver for Old Sunbelt, Old Sunbelt was a party to this litigation. Upon being appointed as receiver, the FSLIC became a party to this litigation immediately and as a matter of law. The FSLIC's transfer of receivership assets to New Sunbelt did not alter the FSLIC's status as a party nor its obligation to remove within 30 days. *See also, e.g., Albonetti v. GAF Corporation–Chemical Group,* 520 F.Supp. 825, 827 (S.D.Tex.1981) (30 day deadline mandatory and strictly followed).

The Court finds the FSLIC's removal untimely. Accordingly, the Court GRANTS Defendant's Motion to Remand. The Court, however, DENIES Defendant's request for an award of costs and expenses, including attorneys' fees.

This case is hereby REMANDED to the 298th Judicial District Court, Dallas County, Texas.

SO ORDERED.

---

1. The Court has studied the Supreme Court's recent decisions in *Coit Independence Joint Venture v. FSLIC,* ⸺ U.S. ⸺, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989) and *FSLIC v. Ticktin,* ⸺ U.S. ⸺, 109 S.Ct. 1626, 104 L.Ed.2d 73 (1989). The Court concludes that the law relied upon herein stands unchanged by *Coit* and *Ticktin.*