**FEDERAL DEPOSIT INSURANCE CORP.**, Plaintiff,

v.

**STATE OF NEW YORK and City of New York**, Defendants.

**No. 88 Civ. 1864 (JES).**

United States District Court, S.D. New York.

March 13, 1990.

Thacher Proffit & Wood, New York City, for plaintiff; Joel B. Harris and David G. Greene, of Counsel.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for defendant State of N.Y.; Frederic L. Lieberman and Rosalie J. Hronsky, Asst. Attys. Gen., of counsel.

Victor A. Kovner, Corp. Counsel of the City of New York, New York City, for defendant City of New York; Gale Zareko and Stanley Buchsbaum, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff Federal Deposit Insurance Corporation ("FDIC") brings this motion to reargue the Court's decision that its claims are barred by the Tax Injunction Act, that the Eleventh Amendment bars its claims against the State of New York, and that it lacks standing to bring this action. *See Federal Deposit Insurance Corp. v. State of New York*, 718 F.Supp. 191 (S.D.N.Y. 1989).[1] FDIC's motion to reargue is based principally upon a provision of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub.L. No. 101–73, § 209, 103 Stat. 183, 216 (1989), which amended the provisions of the Federal Deposit Insurance Act, 12 U.S.C. § 1811 *et seq.* (1988), to provide that the FDIC "in any capacity, shall be an agency of the United States for purposes of section 1345 of title 28, United States Code, without regard to whether the Corporation commenced the action."[2] 12 U.S.C.A. § 1819(b)(1) (1989). The FDIC argues that this statute makes the FDIC a federal instrumentality for purposes of the Tax Injunction Act and the Eleventh Amendment. For the reasons that follow the Court rejects these arguments and adheres to its original opinion.

---

1. Familiarity with the Court's prior opinion is assumed.

2. 28 U.S.C. § 1345 (1982) provides: "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

## DISCUSSION

### The Tax Injunction Act

■ The Tax Injunction Act, 28 U.S.C. § 1341 (1982), serves to prevent a federal court from interfering with the collection of state taxes where there is an appropriate method of resolving disputes between a taxpayer and the state in the state courts. There is, however, an exception to that law where the party subject to the state tax is a federal instrumentality. *See Moe v. Confederated Salish & Kootenai Tribes*, 425 U.S. 463, 470, 96 S.Ct. 1634, 1639, 48 L.Ed.2d 96 (1976).

■ The FDIC contends that its status as an agency of the federal government for purposes of a jurisdictional statute excepts it from the Tax Injunction Act. However, the FDIC has been made a federal agency only for purposes of 28 U.S.C. § 1345, which vests subject matter jurisdiction over cases involving federal agencies in the district courts. That statute expressly provides that such jusrisdiction is subject to exceptions created by Congress. *Id.; see Federal Savings & Loan Ins. Corp. v. Ticktin*, — U.S. —, 109 S.Ct. 1626, 1628, 104 L.Ed.2d 73 (1989). Moreover, there is no indication in the Federal Deposit Insurance Act that Congress intended to exempt the FDIC from the Tax Injunction Act or intended anything more than a limited grant of "federal agency" status to the FDIC.

Nor does *Moe, supra,* support the FDIC's position. In that case, the Supreme Court held that 28 U.S.C. § 1362 (1982)[3] was intended to allow the Indian tribes a right to sue in federal court that was at least as broad as that of the United States when it sued as the tribes' trustee. *See* 425 U.S. 474–75, 96 S.Ct. at 1641–42. Therefore, when the Indian tribes sued on their own behalf, they were essentially in the same position as the United States and were not barred by the Tax Injunction Act. *See id.; see also Oneida Indian Nation of New York v. New York*, 691 F.2d 1070, 1079–80 (2d Cir.1982) (applying *Moe* in Eleventh Amendment context), *cert. denied*, 474 U.S. 823, 106 S.Ct. 78, 88 L.Ed.2d 64 (1985). The reasoning of that case has no application to the FDIC which, as the Court noted in its original opinion, is an "entity quite separate from the United States." *Federal Deposit Ins. Corp., supra,* 718 F.Supp. at 194–95.

Moreover, the jurisdictional statute in that case, 28 U.S.C. § 1362, did not contain the limitation on jurisdiction, noted above, set forth in 28 U.S.C. § 1345. The Court therefore adheres to its original conclusion that the FDIC may not avail itself of the federal instrumentality exception to the Tax Injunction Act.

### The Eleventh Amendment

■ Plaintiff further argues that the amendment to the Federal Deposit Insurance Act also makes it the United States for purposes of the Eleventh Amendment. *See United States v. Mississippi*, 380 U.S. 128, 140, 85 S.Ct. 808, 814, 13 L.Ed.2d 717 (1965) (suit by the United States against a state not barred by the Eleventh Amendment). The FDIC contends that in light of this statute, it is now analogous to the Federal Savings and Loan Insurance Corporation ("FSLIC"). *See Federal Savings & Loan Ins. Corp. v. Director of Revenue*, 650 F.Supp. 1217, 1221 (N.D.Ill.1986) (FSLIC is a United States for purposes of the Eleventh Amendment). That case, however, assuming that it is correct, involved a statutory grant of federal agency status that was far broader than the statute here. 12 U.S.C. § 1730(k)(1)(A) (1988) provides that, notwithstanding any other provision of law, the FSLIC "shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28."[4] In addition, 12 U.S.C. § 1725(c)

---

3. 28 U.S.C. § 1362 (1982) provides: "[t]he district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States."

4. 28 U.S.C. § 451 (1982) provides in part: "[t]he term 'agency' includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the con-

(1988) states that the FSLIC "shall be an instrumentality of the United States ..."

The grant of authority to the FDIC, on the other hand, is much more limited. The statute detailing its corporate powers omits any statement that it is an instrumentality of the United States. *Compare* 12 U.S.C.A. § 1819(a) (1989) (FDIC) *with* 12 U.S.C. § 1725(c) (1988) (FSLIC). Moreover, as noted above, Congress made the FDIC an agency of the United States for purposes of a jurisdictional statute only. The FSLIC, on the other hand, is an agency of the United States within the general definition of the word "agency." Accordingly, the Court concludes that Congress specifically limited the FDIC's status as an "agency" of the United States and therefore adheres to its original holding that the Supreme Court's ruling in *Smith v. Reeves,* 178 U.S. 436, 449, 20 S.Ct. 919, 924, 44 L.Ed. 1140 (1900), that federal corporations are barred from bringing suits against the state by the Eleventh Amendment, prevents the FDIC from maintaining this action against the state of New York.[5]

## CONCLUSION

For the reasons stated above, plaintiff's motion for reargument of the Court's prior decision that this Court lacks subject matter jurisdiction is denied. The original Opinion and Order stands as reported and the above-captioned action shall remain

closed. The Clerk shall enter judgment accordingly.

It is SO ORDERED.

---

text shows that such term was intended to be used in a more limited sense."

5. The FDIC also seeks to have the Court reconsider its prior decision that it does not have standing because it has neither statutory authority to enforce the Garn Act nor a requisite stake in the outcome of the litigation. *See Federal Deposit Ins. Corp., supra* 718 F.Supp. at 196–97. However, The statute that the FDIC relies upon, 12 U.S.C. § 1819, even as amended, provides no basis to conclude that the FDIC has been granted statutory authority to enforce the Garn Act and therefore the Court sees no basis to change its original opinion.

The Court also adheres to its conclusion that the FDIC lacks a personal interest in the outcome of the case. The FDIC has shown no reason why a tax assessment can rationally be construed as "a loss caused by a third party" under the terms of

the Assistance Agreement, *Federal Deposit Ins. Corp., supra* 718 F.Supp. at 196, even assuming that the Court's conclusion that the FDIC can not recover because the assignment of refund claims is invalid under the New York City Administrative Code is incorrect. *Cf. Federal Deposit Ins. Corp. v. Main Hurdman,* 655 F.Supp. 259, 267–68 (E.D.Cal.1987) (failing bank's tort claims may be assigned to the FDIC even if state law would not allow it); *Federal Deposit Ins. Corp. v. Hudson,* 643 F.Supp. 496, 498 (D.Kan. 1986) (same). However, the Court notes that these cases involve tort claims held by a bank against a third party, not an assignment of a tax refund claim against a subdivision of a state. In the latter situation, principles of comity and federalism could well bar the FDIC from suing on an assignment of a tax refund claim where the state law forbids such assignments.