**NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of Corpus Christi Parish Credit Union**

v.

**AHO, HENSHUE & HALL.**

**Civ. A. No. 90–4443.**

United States District Court, E.D. Louisiana.

Feb. 1, 1991.

Thomas J. Loughran, Steven M. Rosenberg, Frank A. Putzu, Finkelstein, Thompson & Loughran, Washington, D.C., Mi-

**318**

chael Osborne, Osborne & McComiskey, New Orleans, La. (Richard A. Schulman, Nat. Credit Union Admin., Washington, D.C., of counsel), for NCUA.

J. Walter Ward, Daniel A. Rees, Christovich & Kearney, New Orleans, La., for Aho, Henshue & Hall.

## RULING ON MOTION

LIVAUDAIS, District Judge.

The motion by defendant Aho, Henshue & Hall to dismiss for lack of subject matter jurisdiction was submitted on a prior date.

The National Credit Union Administration Board ("NCUA") filed suit against Aho, Henshue & Hall ("Aho"), a Wisconsin based accounting firm, on November 7, 1990, for breach of contract, breach of fiduciary duty, and accounting malpractice in connection with Aho's 1987 and 1988 audits of Corpus Christi Parish Credit Union ("Corpus Christi") which were performed in New Orleans. NCUA's complaint alleges that this court has original jurisdiction over this action on three separate grounds:

(1) 12 U.S.C. sect. 1789(a)(2) [1];
(2) 28 U.S.C. sect. 1345 [2]; and
(3) 28 U.S.C. sect. 1331 [3].

Defendant Aho argues that the exception proviso of section 1789(a)(2), which provides that "except that any such suit to which the Board is a party in its capacity as liquidating agent of a State-chartered cred-

it union and which involves only the rights or obligations of members, creditors, and such State credit union under State law shall not be deemed to arise under the laws of the United States ...[,]" applies to it and that the proviso further denies jurisdiction based on "federal question" jurisdiction under 28 U.S.C. sect. 1331 or that based on "agency" jurisdiction under 28 U.S.C. sect. 1345.

In addition, to the above-quoted exception proviso of Section 1789(a)(2), Aho relies on *Federal Deposit Insurance Corp. v. Sumner Financial Corp.*, 602 F.2d 670 (5th Cir.1979), for the proposition that similar wording in 12 U.S.C. sect. 1819 [4], which refers to claims by the Federal Deposit Insurance Corporation, acts as a "complete scheme for federal jurisdiction over cases in which FDIC is a party [, and] that the limitation on federal jurisdiction stated in the proviso cannot be evaded by predicating jurisdiction on some general jurisdictional grant." Included in the *Sumner*'s discussion of a "general jurisdictional grant" that is superseded by the proviso is "agency jurisdiction" granted by 28 U.S.C. sect. 1345.

While that was the proper conclusion reached by the Fifth Circuit in *Sumner*, NCUA has correctly noted that the validity of *Sumner* has been challenged by later cases. In fact, the United States Supreme Court, in *FSLIC v. Ticktin*, 490 U.S. 82,

---

**1.** Section 1789(a)(2) provides that the NCUA Board may "sue and be sued, complain and defend, in any court of law or equity, State or Federal. All suits of a civil nature at common law or in equity to which the Board shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy. The Board may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect, except that any such suit to which the Board is a party in its capacity as liquidating agent of a State-chartered credit union and which involves only the rights or obligations of members, creditors, and such State credit union under State law shall not be deemed to arise under the laws of the United States...."

**2.** Section 1345 states that federal "district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Congress." This section is commonly referred to as "agency" jurisdiction.

**3.** Section 1331 states that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

**4.** The relevant proviso of Section 1819 reads: "except that any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States."

109 S.Ct. 1626, 104 L.Ed.2d 73 (1989), rejected that limited interpretation of a similar proviso in the FSLIC's statute, 12 U.S.C. sect. 1730(k)(1) [5], and Section 1345's grant of agency jurisdiction. The *Ticktin* Court held that the proviso had no effect upon "agency" jurisdiction granted to FSLIC by Section 1730(k)(1)(A) and Section 1345. Additionally, the Fifth Circuit questioned the continuing validity of *Sumner* in light of *Ticktin* in *In the Matter of Meyerland,* 910 F.2d 1257 (5th Cir.1990).

Aho's response to the later decisions which appear to overrule *Sumner* is that the wording of Section 1819, which was the focus of *Sumner,* was amended subsequent to the *Sumner* decision but before *Ticktin* was decided. Therefore, Aho argues that the holding of *Sumner* is unaffected because its holding is valid as to Sections 1819 and 1789, which *were* identical at the time *Sumner* was decided. Aho maintains that the amendment of Section 1819 deeming FDIC to be an agency expanded the federal jurisdiction over cases involving FDIC, while that of Section 1789(a)(2) was not similarly amended. However, the jurisdiction granted by 12 U.S.C. sect. 1819(b)(1) does not merely provide a complete jurisdictional scheme by incorporating agency jurisdiction into the federal court jurisdiction granted by Section 1789(b), as Aho argues, it also clearly grants federal court jurisdiction to *all* cases involving FDIC, not merely when "civil actions, suits or proceedings [are] *commenced* by the United States, or by any agency or officer thereof expressly authorized to sue by Congress" as provided by 28 U.S.C. sect. 1345 (emphasis added). In contrast, Section 1819(b)(1) provides that "[t]he [FDIC], in any capacity, shall be an agency of the United States for purposes of section 1345 of Title 28, *without regard to whether the [FDIC] commenced the action*" (emphasis added). Therefore, the amendment of Section 1819 cannot in any way change the *Ticktin* Court's interpreta-

tion of a statutory proviso virtually identical to 12 U.S.C. sect. 1789(a)(2) which sustains a federal court jurisdiction under the agency jurisdiction granted by Section 1345, when, as in the instant case, an agency of the United States is the plaintiff.

Accordingly, the defendant's motion to dismiss based on lack of subject matter jurisdiction is DENIED.

**5.** The parallel proviso of Section 1730(k)(1) reads: *"Provided,* That any action, suit, or proceeding to which the [FSLIC] is party in its capacity as conservator, receiver, or other legal custodian of an insured state-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States."