**Benjamin E. HANSON, of Medway, Penobscot County, Maine, Plaintiff,**

v.

**MAINE NATIONAL BANK, a Maine corporation with an established place of business at Bangor and East Corinth, Penobscot County, Maine,**

**and**

**June Wasson, of Charleston, Penobscot County, Maine, Defendants.**

**Civ. No. 91–0034–B.**

United States District Court, D. Maine.

May 9, 1991.

Joseph Walsh, Bangor, Me., for Benjamin E. Hanson.

Frederick Badger Jr., Bangor, Me., for FDIC.

William Devoe, Eaton, Peabody, Bradford & Veague, Bangor, Me., for June Wasson.

## MEMORANDUM OF DECISION ON DEFENDANTS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE (DOCKET NO. 4) OF MARCH 12, 1991

GENE CARTER, Chief Judge.

The Court has now fully reviewed the file in this matter with particular attention to Plaintiff's statement in response to the Court's Order to Show Cause of March 12, 1991 (Docket No. 4), in which Plaintiff seeks an order of this Court transferring this matter to the Suspense Docket for FIRREA Cases in lieu of dismissal without prejudice. The Court FINDS that the Defendant institution, Maine National Bank, is, in the words of 12 U.S.C. section 1821(d)(13)(D)(i), a "depository institution for which the corporation has been appointed a receiver" and that the claims set forth in the Amended Complaint seek "payment from, or ... a determination of rights with respect to the assets" of such depository institution. Further, the Court FINDS that the claims set forth in the Complaint relate "to ... [an] act or omission of such institution or the corporation as receiver."

Accordingly, the Court CONCLUDES that it is, by the terms and provisions of said statutory language, ousted of its jurisdiction over this matter pending exhaustion of the administrative claims process set forth in 12 U.S.C. section 1821 and that the Court may not act in respect to such claim as set forth in the Complaint.

It appears that this matter was initiated by Plaintiff against Defendant Maine National Bank on or about August 15, 1990 in the Third District Court for the Judicial District of Southern Penobscot County and was removed to this Court on February 1, 1991 by the FDIC as receiver of the depository institution. Extensive discovery has been carried out in the fall of 1990 through February 1991. The Court FINDS that Plaintiff Hanson has filed a proof of claim pursuant to the administrative claims process described in FIRREA on February 25, 1991. There is no objection to Plaintiff's request that this matter not be dismissed pending the exhaustion of the administrative claims process.

In the exercise of discretion on the foregoing findings and considering the interests of justice and the interests of all the parties, the Court being satisfied that there is no gain to be had from any perspective by a dismissal without prejudice of this matter, the Court hereby ORDERS that this matter be, and it is hereby, ASSIGNED and TRANSFERRED to this Court's Suspense Docket for FIRREA Cases pending further order of this Court.