**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**The SATTER COMPANIES, et al., Defendants.**

**Civ. No. 91–0347–P–C.**

United States District Court, D. Maine.

May 4, 1992.

---

Andrew Mark Horton, Verrill & Dana, Portland, Me., for F.D.I.C.

William W. Willard, Bernstein, Shur, Sawyer & Nelson, Portland, Me., Michael J. Sheehan, Sheehan, Cappiello, Stein & Gordon, Concord, N.H., for Satter Companies.

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT FDIC'S MOTION TO DISMISS

GENE CARTER, Chief Judge.

The Federal Deposit Insurance Corporation ("FDIC"), as Receiver of Dartmouth Bank, has moved to dismiss Defendants The Satter Companies' ("Defendants" or "Satter") Counterclaims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). For the reasons that follow, the Court will grant Plaintiff's Motion to Dismiss.

### I. *Facts*

On January 8, 1991, Dartmouth Bank ("Bank")[1] brought its Complaint against Satter in the Superior Court, County of York and State of Maine. The Complaint alleges default by Defendants on certain promissory notes and seeks foreclosure of real estate mortgages that secured such notes. Defendants brought a Counterclaim against the Bank, alleging, *inter alia,* that it breached a 1988 Loan Agreement.

On November 8, 1991, Plaintiff removed this action to this Court by and through the FDIC as Receiver/Liquidating Agent, pursuant to 12 U.S.C. section 1819(b)(2)(B) and 28 U.S.C. section 1441. Plaintiff now seeks dismissal of Defendants' Counterclaim under Rule 12(b)(1) on the basis of lack of subject matter jurisdiction.

### II. *Discussion*

■ This Court is divested of substantive jurisdiction over counterclaims filed prior to the creation of receivership of FDIC pending exhaustion of the administrative claims procedure set forth in 12 U.S.C. section 1821.[2] *See, e.g., New Maine*

---

1. Dartmouth Bank was a banking corporation organized and existing under the laws of the State of New Hampshire and/or the United States, and having its principal place of business in Manchester, New Hampshire. On October 10, 1991, the appropriate regulatory authority declared the Bank insolvent and, pursuant to 12 U.S.C. section 1821(c)(2), appointed the FDIC as their Receiver/Liquidating Agent. As Receiver, FDIC succeeded, as a matter of law, to all assets and liabilities of the Bank in Receivership other than assets and liabilities that FDIC as Receiver transferred to other institutions. *See* 12 U.S.C. § 1821(d)(2)(A)(i).

On December 2, 1991, the Court granted FDIC's Motion to substitute the FDIC in place of the Bank as Plaintiff in this action. *See* Docket No. 2.

2. The FDIC, when acting as Receiver, is authorized under 12 U.S.C. section 1821(d)(3) of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") to establish an administrative claims procedure to review claims against receivership assets. It must "promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver [sic] by a date specified in the notice which shall be not less than 90 days after the publication of such notice." 12 U.S.C. § 1821(d)(3)(B). The FDIC "may disallow any portion of any claim by a creditor or claim of security, preference, or priority which is not proved to the satisfaction of the receiver." *Id.* § 1821(d)(5)(D). The FDIC has 180 days (determined from the date upon which the claim was filed) to determine whether to allow or to disallow the claim. *Id.* § 1821(d)(5)(A).

Once the claim is disallowed, the claimant may proceed to federal court. The relevant provision for such judicial review states in pertinent part:

*National Bank v. Reef,* 765 F.Supp. 763, 765–66 (D.Me.1991) ("[T]he statutory language of section 1821(d)(13)(D) expressly and clearly deprives the Court of substantive jurisdiction over the counterclaim herein."). *See also Resolution Trust Corp. v. Mustang Partners,* 946 F.2d 103, 106 (10th Cir.1991) ("The statute clearly requires that each creditor file a claim. In the event the claim is disallowed, the creditor may then file suit *or continue* to pursue a suit already filed. No interpretation is possible which would ... allow the filing of suit to substitute for the claim process.") (citation omitted) (emphasis in original); *Connecticut Bank and Trust Co., N.A. v. CT Partners, Inc.,* 136 F.R.D. 347, 350 (D.Conn. 1991) ("relevant case law interpreting the statutory scheme has held that the district courts do not have jurisdiction over claims against the FDIC as a receiver of a failed financial institution until those claims have either been denied by the FDIC or the 180 day period for administrative review has expired.").[3] The Court, consistent with FIRREA, *see* 12 U.S.C. § 1821(d)(6)(A), has exercised its discretionary authority "in determining whether claims within section

1821(d)(13)(D) should be dismissed without prejudice pending exhaustion of the administrative claims process mandated by the Act or simply be administratively assigned to the Court's Suspense Docket." *Reef,* 765 F.Supp. at 765 n. 3. *See also Hanson v. Maine National Bank,* Civ. No. 91–0034–B, —— F.Supp. —— (D.Me. May 9, 1991) (unpublished); *Godfrey v. FDIC,* 765 F.Supp. 498 (D.Me.1992).[4]

■ Here, however, even upon Defendants' exhaustion of such process, the Court would still have no subject matter jurisdiction over the Counterclaim in light of 12 U.S.C. section 1821(d)(6)(A), which states in pertinent part: "[T]he claimant may ... file suit on such claim ... in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia." NHSB's principal place of business is located in New Hampshire, not Maine. Therefore, the Court has no jurisdiction over Defendants' Counterclaim and it must dismiss, without prejudice, this Counterclaim for lack of subject matter jurisdic-

Before the end of the 60–day period beginning on the earlier of—
(i) the end of the period described in paragraph (5)(A)(i) with respect to any claim against a depository institution for which the Corporation is receiver; or
(ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i), the claimant may ... file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).
*Id.* § 1821(d)(6)(A).
Except as otherwise provided in the aforementioned subsection, FIRREA withdraws all jurisdiction of this Court. Specifically, it provides in relevant part:
no court shall have jurisdiction over—
(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.
*Id.* § 1821(d)(13)(D).

**3.** Defendant Satter argues that futility of the administrative claims procedure excuses compliance in this case. *See* Memorandum of Law in Support of Defendants' Objection to Motion to Dismiss at 3. The Court disagrees. The cases cited by Defendant in support of its argument did not involve FIRREA. Under FIRREA, exhaustion of the administrative claims procedure is mandatory. *See generally* 12 U.S.C. § 1821(d).

**4.** Some federal district courts have stayed claims filed before receivership pending completion of the administrative procedure. *See Marquis v. FDIC,* 779 F.Supp. 6, 9 (D.N.H.1991); *In re FDIC,* 762 F.Supp. 1002, 1005 (D.Mass. 1991); *Bank of New England, N.A. v. Callahan,* 758 F.Supp. 61, 64 (D.N.H.1991); *Connecticut Bank and Trust Co.,* 136 F.R.D. at 351; *Tuxedo Beach Club Corp. v. City Federal Savings Bank,* 737 F.Supp. 18, 20 (D.N.J.1990). As noted below, however, given the jurisdictional language under 12 U.S.C. section 1821(d)(6)(A), the Court would still have no subject matter jurisdiction upon Plaintiff's completion of the administrative claims procedure.

tion.[5] *See Perkins v. Farrah*, 791 F.Supp. 24 (D.Me.1992).

Accordingly, it is ORDERED that Defendant FDIC's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) be, and it is hereby, GRANTED.

---

**5.** The Court passes without deciding the alternative ground for dismissing Plaintiff's Complaint for lack of subject matter jurisdiction; namely, whether the claim should be dismissed because the state court was automatically stripped of subject matter jurisdiction over the claim once the FDIC was appointed receiver because of the federal court's exclusive jurisdiction over the claim under FIRREA.