**In re CIS CORPORATION, Continental Information Systems Corp., et al., Debtors.**

**James P. HASSETT, as Chapter 11 Trustee of CIS Corp., et al., Plaintiffs,**

**v.**

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Capitol Bank & Trust Company, Defendants.**

**No. 89 B10073–10084 (PBA).**

**No. 91 Civ. 8736 (TPG).**

**Adv. No. 91–6372A.**

United States District Court, S.D. New York.

May 8, 1992.

■

Edward S. Cowen, Kirkland & Ellis, New York City, for plaintiffs.

S. Robert Schrager, Kreindler & Relkin, P.C., New York City, for defendants.

## OPINION

GRIESA, District Judge.

CIS Corporation and related companies are involved in Chapter 11 proceedings. Plaintiff James P. Hassett is the Chapter 11 Trustee. There is a dispute between CIS and Capitol Bank & Trust Company about whether the bank does or does not have a security interest in certain equipment. The FDIC has been appointed receiver of the Bank. Plaintiff Hassett has sued the FDIC in the Bankruptcy Court seeking a declaratory judgment.

The FDIC has moved in the Bankruptcy Court to dismiss the action on the ground that plaintiff failed to exhaust an administrative remedy provided by a statute known as FIRREA. 12 U.S.C. § 1821(d).

The FDIC has also moved in the District Court to have the Court "withdraw the reference to the Bankruptcy Court." The motion is denied.

The question is governed by 28 U.S.C. § 157(d), which provides:

(d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The first sentence provides for discretionary withdrawal. The second sentence provides for mandatory withdrawal, when the legal issues require consideration of both the Bankruptcy Code and other federal laws "regulating organizations or activities affecting interstate commerce."

■ Withdrawal is mandatory only when "substantial and material consideration" of non-bankruptcy statutes is necessary for the resolution of a case or proceeding. *In*

re *Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir.1990). *Cf. Wills Motors, Inc. v. Volvo North America Corp.*, 131 B.R. 263, 268 (S.D.N.Y.1991). Withdrawal is not mandatory in cases that require only the straightforward application of a federal statute to a particular set of facts. *In re Chateaugay Corp.*, 86 B.R. 33, 36 (S.D.N.Y.1987).

Here the underlying proceeding requires consideration of FIRREA only to determine whether the Bankruptcy Court has subject-matter jurisdiction. The issue is whether FIRREA bars the action because of a failure by plaintiff to use the procedures of FIRREA to resolve the claim involved in the suit. If this preliminary question is decided against plaintiff, the court will dismiss the action. If the court decides it has subject matter jurisdiction, it will go on to consider only the Title 11 issues raised in plaintiff's declaratory judgment action.

One district court has held that a jurisdictional issue arising under FIRREA mandates withdrawal from the Bankruptcy Court on the grounds that FIRREA is an important and significant statute and that the jurisdictional issue will be dispositive of the proceeding. *In re Mid America Entertainment Plus, Inc.*, 135 B.R. 419 (D.C.Kan.1991).

This court, however, takes a different view. It is familiar law that a court always has jurisdiction to determine its own jurisdiction. *See, e.g., United States v. United Mine Workers of America*, 330 U.S. 258, 291–95, 67 S.Ct. 677, 694–97, 91 L.Ed. 884 (1947). It is this court's ruling on the present motion that the jurisdictional issue arising under FIRREA does not mandate withdrawal.

The application of law to fact on the issue of subject-matter jurisdiction is straightforward. To set a precedent providing for the withdrawal of bankruptcy proceedings to a district court whenever this issue arises would work against the purposes of FIRREA itself, which was enacted "to deal expeditiously" with the assets of failed depository institutions. *Circle Industries, Division of Nastasi–White, Inc. v. City Federal Savings Bank*, 749 F.Supp. 447, 451 (E.D.N.Y.1990); *aff'd per curiam*, 931 F.2d 7 (2d Cir.1991). The goal of speed would have been better served by a prompt resolution of the motion to dismiss that the FDIC filed in Bankruptcy Court. By moving to withdraw the reference to the Bankruptcy Court, the FDIC has suspended action on its motion to dismiss. The court finds that allowing a bankruptcy court to determine this straightforward issue of subject-matter jurisdiction is warranted both by the statute and by the interests of justice.

SO ORDERED.