**In re Rachel W. HUTCHINS, Debtor.**

**Rachel W. HUTCHINS, Plaintiff,**

**v.**

**COMPREHENSIVE INVESTMENT FUNDING CORPORATION, and Federal Deposit Insurance Corporation, as Receiver for University Bank, National Association, Defendants.**

**Bankruptcy No. 90–11056.
Adv. No. 90–1137.**

United States Bankruptcy Court,
D. Rhode Island.

Sept. 25, 1992.

part of the record herein.

John Rao, Rhode Island Legal Services, Inc., Peace Dale, R.I., for debtor/plaintiff, Rachel W. Hutchins.

Sherry A. Giarrusso, Adler Pollock & Sheehan Inc., Providence, R.I., for F.D.I.C.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on July 30, 1992, on the Debtor's objection to Federal Deposit Insurance Corporation's ("FDIC")[1] Motion to Dismiss the within adversary proceeding, for lack of subject matter jurisdiction. At issue is the statutory interpretation of § 1821(d)(6)(A) of Title 12 of the United States Code, commonly referred to as the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, or "FIRREA."

Initially, in its moving papers FDIC asserted that the Bankruptcy Court is without subject matter jurisdiction to hear this

dispute, because the Debtor failed to follow the administrative claims procedure established in § 1821(d)(6)(A). Specifically, FDIC alleged that the Debtor failed to file a Proof of Claim, as required by the statute. In her opposition to the Motion to Dismiss, the Debtor demonstrated, *simply by showing a copy*, that she did in fact comply with the provisions of FIRREA by filing a Proof of Claim on August 31, 1991, prior to the September 3, 1991 bar date.

When confronted with the error of its position at hearing, and in classic bureaucratic style, FDIC casually withdrew that ground for dismissal, conceded the obvious (the Debtor's timely filed Proof of Claim), and then moved on to its alternate argument—that even if she did file a Proof of Claim, the Debtor was still not in compliance with the FIRREA claims procedures because she did not transfer her pending lawsuit to one of the two recognized venues provided in § 1821(d)(6)(A).

Before addressing the merits of that argument, however, we have an obligation to inquire into FDIC's carelessness in pleading, and the cost effect on those who are forced to respond to such indifference. Here, it is obvious that FDIC failed to do even a cursory investigation of Rachel Hutchin's situation before it filed its Motion to Dismiss, where six of its eight page Memorandum of Law are devoted to the applicable law where no proof of claim has been filed. In the circumstances, with the questioned act of filing so easily verifiable, there is absolutely no reason why the Debtor should have been required to respond to what appears to be a plainly groundless assertion. Accordingly, FDIC and its counsel are ORDERED TO SHOW CAUSE on October 14, 1992, at 2:00 p.m., why they should not be required to reimburse the Debtor for the legal expense incurred in responding to that portion of its Motion.[2] *See Anderson v. McGowan (In re Anderson)*, 128 B.R. 850 (D.R.I.1991).

---

1. In its capacity as Receiver for University Bank, National Association.

2. At the show cause hearing, we will consider the issues of whether: (1) sanctions are in order, (2) the reasonable amount of said fees if sanctions are appropriate, and (3) whether

FDIC, its counsel, or both are responsible. FDIC will also be expected to demonstrate why such sanctions, if any are ordered, should not be set at rates similar to those charged by FDIC's lawyers.

■ Turning to the merits of the remainder of the motion, FDIC argues that even if the Debtor timely filed the requisite Proof of Claim with the FDIC, she still has not complied with the administrative claims procedures because of her failure to transfer the pending proceeding to one of the two forums identified in 12 U.S.C. § 1821(d)(6)(A). The Debtor contends that the language of the statute expressly permits her to *continue* her pending action in the forum where it was originally commenced. Neither party has contested this Court's authority to decide the issue, and pursuant to recent holdings elsewhere, we conclude that we in fact have jurisdiction to determine whether we have "jurisdiction." *See In re CIS Corp.,* 140 B.R. 351 (S.D.N.Y.1992).

■ The FIRREA provision in question is 12 U.S.C. § 1821(d)(6)(A), which states in relevant part that:

"Before the end of the 60–day period beginning on the earlier of—

.    .    .    .    .

the claimant may request administrative review of the claim ... or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

FDIC argues that Congress' designation of two venue locations deprives this Court of subject matter jurisdiction—even as to already pending actions. Coincidentally, both sides rely on the same case in support of their respective positions, *Resolution Trust Corp. v. Mustang Partners,* 946 F.2d 103 (10th Cir.1991). FDIC contends that *Mustang Partners* holds that even where a proof of claim has been timely filed (which was *not* the case in *Mustang*) and a prior suit is already pending, the provisions of § 1821(d)(6)(A) require a claimant to proceed strictly in accordance with the FIRREA administrative claims

procedures, including its choice of venue provision. Thus, FDIC argues, because Ms. Hutchins did *not* timely transfer the pending action to either of the two venue locations authorized in § 1821, her lawsuit must be dismissed.

Our own independent research however, reveals that the First Circuit Court of Appeals has recently decided this very issue, differently, in *Marquis v. Fed. Dep. Ins. Corp.,* 965 F.2d 1148 (1st Cir.1992), reh. en banc. den., *Marquis v. Fed. Dep. Ins. Corp.,* (June 4, 1992). In *Marquis,* the First Circuit held that "FIRREA does not require courts automatically to dismiss all actions instituted against a failed bank prior to the FDIC's appointment as receiver of the institution." *Id.* at 1150.

The First Circuit agreed with FDIC that FIRREA makes participation in the administrative claims review process *mandatory,* and that where a claimant is properly notified of the FDIC's appointment as receiver, the claimant *must* timely file an administrative claim in order to thereafter maintain an action against the FDIC "in any court." *Id.* at 1151–1152. However, the Court also announced very clearly that this mandatory administrative claims process does not require the dismissal of all prior pending actions. To the contrary, the First Circuit held that the only favorable construction of FIRREA is one that "permits federal courts to retain subject matter jurisdiction in circumstances where a bank's failure (and the FDIC's appointment as receiver) postdates the institution of a suit against the bank." *Id.* at 1154.

Here, the instant proceeding was commenced prior to FDIC's takeover of University Bank, and Ms. Hutchins followed the administrative claims process by timely filing her proof of claim. Accordingly, we hold that the Debtor was not required to transfer her pending adversary proceeding to either of the two forums provided for in 12 U.S.C. § 1821, that the action should continue in this Court, and that we have subject matter jurisdiction.

In addition to the First Circuit's recent teachings in *Marquis,* we also agree with the Debtor's interpretation of the *Mustang*

*Partners* case, 946 F.2d 103, specifically her emphasis on the court's reference that: "[t]he statute clearly requires that each creditor file a claim. 12 U.S.C. § 1821(d)(3)(B)(i). In the event the claim is disallowed [as in this case], the creditor can then file suit *or continue* to pursue a suit already filed." 946 F.2d at 106 (emphasis in original). The term " 'continue' implies that a party is proceeding forward in an ongoing case without interruption in the court's jurisdiction." *Berke v. Resolution Trust Corporation,* 483 N.W.2d 712 (Minn. App.1992). We agree with Judge Randall, who stated in *Berke* that to construe this provision as limiting jurisdiction to only the two federal courts referred to in the statute "renders the parenthetical 'continue' language null." *Id.* at 714.

■ Moreover, although the issue was not specifically discussed in *Marquis,* we adhere to the well established principle that "jurisdiction is determined at the time the suit is filed and after vesting, cannot be ousted by subsequent events, including action by the parties." *Berke,* 483 N.W.2d at 715 (other citations omitted). Accordingly, we join Judge Randall in rejecting FDIC's argument that this Court lost jurisdiction by the Debtor's failure to transfer this proceeding to another court (after she properly filed a Proof of Claim), as being "inconsistent with the idea that events occurring after attachment of jurisdiction do not divest a court of a previously and correctly acquired ability to decide a case." *Berke,* 483 N.W.2d at 716. However, the First Circuit's explicit holding that "FIRREA did not strip the federal courts of subject matter jurisdiction over civil actions pending against a failed financial institution at the time the FDIC takes over as the institution's receiver" renders this additional consideration unnecessary in any event. *Marquis,* 965 F.2d at 1155.

For all of these reasons, we rule that the Debtor was not required to transfer her pending adversary proceeding to another court, and that this Court has subject matter jurisdiction to hear and determine said dispute. Accordingly, FDIC's Motion to Dismiss is DENIED. We will see the par-

ties again on October 14, 1992, at 2:00 p.m., on the sanction issue.

Enter Judgment consistent with this opinion.