Anthony MANSOLILLO, Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE COR-
PORATION, as Liquidating Agent and
Receiver of Capitol Bank and Trust
Company, Defendant.

Civ. A. No. 91–0672L.

United States District Court,
D. Rhode Island.

Oct. 22, 1992.

Duncan J. MacCallum, Quincy, Mass., Beverly R. Ouellet, Cranston, R.I., for plaintiff.

Michele A. Theroux, Adler Pollock & Sheehan, Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

LAGUEUX, District Judge.

### I. INTRODUCTION

In August 1990, Anthony Mansolillo, a Rhode Island resident, purchased some Rhode Island real estate from Capitol Bank and Trust Company ("Capitol"), a Massachusetts bank. Capitol allegedly promised to provide complete acquisition and construction financing for the property. In December 1990, Capitol was declared insolvent, and the Federal Deposit Insurance Corporation ("FDIC") became its receiver. Capitol allegedly cut off plaintiff's construction financing at the same time. In April 1991, plaintiff filed a claim for rescission and damages with the FDIC. The FDIC denied this claim in October 1991. Plaintiff commenced suit in this Court in December 1991.

Defendant FDIC then moved for dismissal of plaintiff's complaint, pursuant to Fed. R.Civ.P. 12(b)(1). The FDIC alleges, first, that plaintiff failed to bring this suit within the time period specified by 12 U.S.C. § 1821(d)(6) (1988 & Supp. I 1989). Second, the FDIC asserts that Rhode Island is not a proper forum for this lawsuit and thus the above statute deprives this Court of subject matter jurisdiction.

Plaintiff argues that under the appropriate statute, the Court can order a change of venue to Massachusetts. Indeed, both parties now agree that Massachusetts is the correct venue for this case, because Capitol's principal place of business was there. Accordingly, if the Court finds no

basis for dismissal of the complaint, transfer to the United States District Court for the District of Massachusetts would become necessary.

The parties engaged in oral argument on April 16, 1992. At the close of oral argument the Court took the matter under advisement, and directed the parties to submit supplemental memoranda addressing the issue of jurisdiction and venue. Those memoranda were submitted on April 23, 1992. The matter is now in order for decision.

For the reasons stated below, the Court hereby transfers this matter to the United States District Court for the District of Massachusetts.

### II. DISCUSSION

#### A. FIRREA

In 1989, Congress enacted the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), the relevant portions of which are codified at 12 U.S.C. § 1821 (1988 & Supp. I 1989). FIRREA sets forth a comprehensive administrative procedure for making claims against the FDIC as receiver of a distressed depository institution. Those with claims against either a seized depository institution or its receiver must first present their claims to the receiver, who decides the disputes according to the procedures contained in the statute. § 1821(d)(3)–(10). The claimant may not commence an action in federal court before this claims process has run its course. § 1821(d)(13)(D).

This case raises issues concerning FIRREA's claims procedure and statute of limitations, 12 U.S.C. § 1821(d). The structure of this process is simple. As a first step, plaintiff must present his claim to the receiver. In this case, he has done so. The receiver then has 180 days in which to make a determination on the claim, unless it extends the determination period by a written agreement with the claimant. § 1821(d)(5).[1] If the receiver denies the

---

1. Section 1821(d)(5) provides:
   **Procedure for determination of claims**
     (A) **Determination period**
       (i) **In general** .

    Before the end of the 180–day period beginning on the date any claim against a depository institution is filed with the [FDIC] as receiver, the [FDIC] shall determine whether to

claim, then the claimant has 60 days after the notice of disallowance either to request an administrative review or to commence a *de novo* action in the appropriate federal district court. § 1821(d)(6)(A).[2] If the receiver fails to give notice of disallowance *within the claim determination period*, then the claimant has 60 days from the end of that period to request an administrative review or file suit in the appropriate federal court. *Id.* If the claimant fails to do so, he loses all rights with respect to that claim. § 1821(d)(6)(B).[3]

## B. Appropriate Forum

■ Both parties agree that this Court is not the appropriate forum for the instant action, and that the suit should have been brought in the District of Massachusetts. However, the FDIC argues that the forum provision of § 1821(d)(6)(A) is jurisdictional, and that this Court, therefore, has no power to take any action but to dismiss this claim. Mansolillo argues that the provision is simply one of venue, and accordingly moves for a transfer to cure a defect in venue pursuant to 28 U.S.C. § 1406(a).

The Court agrees with the FDIC that the choice of forum provision in 12 U.S.C.

§ 1821(d)(6)(A) is jurisdictional. This conclusion is inescapable given the language of FIRREA. Section 1821(d)(13)(D) clearly states that "[e]xcept as otherwise provided in this subsection, no court shall have jurisdiction over ... any claim...." Section 1821(d)(6)(A) states that a claimant may file suit in the district court "within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia *(and such court shall have jurisdiction to hear such claim)*" (emphasis added). These provisions strongly indicate that jurisdiction over these actions is limited to the precise parameters of the statute.[4]

The caselaw in this Circuit supports the conclusion that the choice of forum provision is jurisdictional. In two recent decisions, the Maine District Court held that it had no jurisdiction over claims against the FDIC where Maine was not the location of the bank's principal place of business. In *FDIC v. Rusconi*, 796 F.Supp. 581 (D.Me. 1992), the Court held that it did not have jurisdiction over the affirmative defenses raised by defendant Rusconi because they fell within the jurisdictional exclusions of

allow or disallow the claim and shall notify the claimant of any determination with respect to such claim.

    (ii) **Extension of time**

    The period described in clause (i) may be extended by a written agreement between the claimant and the Corporation.

**2.** Section 1821(d)(6)(A) provides:

**Provision for agency review or judicial determination of claims**

    (A) **In general**

    Before the end of the 60-day period beginning on the earlier of—

    (i) the end of the period described in paragraph (5)(A)(i) with respect to any claim against a depository institution for which the [FDIC] is receiver; or

    (ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i), the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or ·file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institutions principal place of busi-

ness is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

**3.** Section 1821(d)(6)(B) provides:

**Statute of limitations**

    If any claimant fails to—

    (i) request administrative review of any claim in accordance with subparagraph (A) or (B) of paragraph (7); or

    (ii) file suit on such claim (or continue an action commenced before the appointment of the receiver),

before the end of the 60-day period described in subparagraph (A), the claim shall be deemed to be disallowed (other than any portion of such claim which was allowed by the receiver) as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.

**4.** Plaintiff's argument that this interpretation is inconsistent with the expansive grant of jurisdiction in § 1819 is baseless. The language upon which plaintiff relies was deleted from § 1819 in 1989.

FIRREA. The Court stated that because the bank's principal place of business was in Massachusetts rather than Maine, "the Court has no jurisdiction over Defendants' affirmative defenses nor can this Court acquire jurisdiction over them in the future." *Id.* at 589.

That Court also reached a similar result in *Perkins v. Farrah,* 791 F.Supp. 24 (D.Me.1992), holding that it must dismiss an action filed prior to the appointment of the FDIC as receiver, rather than grant a stay while the administrative claims process is pending. Since the bank's principal place of business was in New Hampshire, the Court found that it would have no subject matter jurisdiction over the claim even after the exhaustion of administrative remedies. The particular result in *Perkins* may not survive the First Circuit's recent holding in *Marquis v. FDIC,* 965 F.2d 1148 (1st Cir.1992) to the effect that FIRREA should be construed to "permit federal courts to retain subject matter jurisdiction in circumstances where a bank's failure (and the FDIC's appointment as receiver) postdates the institution of a suit against the bank," *id.* at 1154; however, *Marquis* does not undermine the conclusion that the choice of forum is jurisdictional when a suit is brought *after* the appointment of the receiver. *See also In re Hutchins,* 145 B.R. 119 (Bankr.D.R.I. 1992) (Bankruptcy Court would not require plaintiff to transfer action filed prior to receivership to one of two courts named in § 1821(d)(6); general rule is that subject matter jurisdiction is determined at the time the suit is filed and after vesting, cannot be ousted by subsequent events). *Contra Vinton v. Trustbank Savings,* 798 F.Supp. 1055 (D.Del. 1992) (court interprets § 1821(d)(6)(A) as special venue provision in order to avoid result of having to dismiss action filed prior to receivership).

C. Transfer to Cure Want of Jurisdiction

■ The conclusion that FIRREA's choice of forum is jurisdictional does not necessarily lead to the result that this Court must dismiss the complaint, as urged by the FDIC. 28 U.S.C. § 1631 provides that a court that finds a want of jurisdiction "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed...." This statute allows transfer of an action when a court lacks subject matter jurisdiction. *Umpqua Marine Ways, Inc. v. United States,* 925 F.2d 409 (Fed.Cir.1991) (where statute provides that jurisdiction over maritime contracts lay exclusively in district court, transfer to District Court for the District of Oregon under 28 U.S.C. § 1631 was appropriate).

■ Generally it is in the interest of justice to transfer a case if the running of the statute of limitations will bar the case from being brought in the appropriate forum. *See, e.g., United States v. 255.21 Acres in Anne Arundel County, Md.,* 722 F.Supp. 235 (D.Md.1989) (possible bar of claim by running of the statute of limitations required that condemnee's counterclaims for inverse condemnation be transferred to Claims Court rather than dismissed). Since both parties agree that the statute of limitations has now run on this claim, this case should be transferred to the United States District Court for the District of Massachusetts, if that Court would have had jurisdiction at the time this complaint was filed.

D. Time Bar

Transfer under 28 U.S.C. § 1631 is only appropriate if the transferee court is one in which the action could have been brought at the time it was filed. The FDIC argues that no federal court has jurisdiction over this claim because it is time-barred, since Mansolillo did not file suit within the period specified in the statute. This Court must decide this issue before determining whether transfer is appropriate. *See Boarhead Corp. v. Erickson,* 726 F.Supp. 607 (E.D.Pa.1989), *aff'd,* 923 F.2d 1011 (3d Cir. 1991) (district court could not transfer action challenging placement on EPA's National Priorities List to Court of Appeals for the District of Columbia Circuit rather than dismiss action, where action was not filed within 90 days from date of NPL's promulgation).

Determination of this issue would not be required at this stage if the provision in question were an ordinary statute of limitations, pleaded as an affirmative defense. However, this Court agrees with the FDIC that the time limits contained in 12 U.S.C. § 1821(d)(6)(A) are jurisdictional. *See Cardente v. Fleet Bank of Maine*, 796 F.Supp. 603 (D.Me.1992) (because the time limits in section 1821(d)(6) are jurisdictional, court may not apply rule 6(a) to extend court's jurisdiction over Complaint, where 59th and 60th days after disallowance were a Sunday and a holiday). As stated above, the statute clearly requires strict compliance with its procedures as jurisdictional prerequisites.

The FDIC claims that the statute of limitations bars plaintiff's claim. First, the FDIC asserts that it sent plaintiff notice of disallowance on October 17, 1991, so when plaintiff filed this suit on December 17, 1991, he missed the 60–day deadline by one day. Second, the FDIC argues that because plaintiff filed his Proof of Claim with the FDIC on April 3, 1991, the 240–day period after submitting his Proof of Claim ended on November 28, 1991, nineteen days before he filed this action. Thus, the FDIC argues that both prongs of FIRREA's statute of limitations defeat plaintiff's claim. In response, plaintiff's memoranda point to facts that he claims extend the statute of limitations in these circumstances.

### 1. *Standard for dismissal*

The FDIC's motion to dismiss on statute of limitations grounds relies on factual assertions concerning the dates on which the Proof of Claim was filed and notice of disallowance given, but the FDIC does not support these assertions with affidavits. Clearly it would have been appropriate for the FDIC to provide such material in support of its motion to dismiss. *Thompson Trading Ltd. v. Allied Lyons PLC*, 123 F.R.D. 417, 422 (D.R.I.1989) (court may consider material outside the pleadings in ruling on 12(b)(2) motions to dismiss for lack of personal jurisdiction). As it stands, however, the only factual material before the Court is that contained in the complaint and the affidavits supplied by plaintiff.

Since the defendant has not challenged plaintiff's allegations through affidavit or other extra-pleading material, the Court will accept those allegations as true for the purposes of this motion. *Id.*

The affidavits supplied by plaintiff support the FDIC's assertions in two respects. Plaintiff admits that the Proof of Claim was filed on April 3, 1991, and provides a copy of the Notice of Disallowance that is dated October 17, 1991, as faxed to plaintiff's lawyer on October 24, 1991. However, plaintiff provides other facts which indicate that the statute of limitations does not bar this action.

### 2. *Adequacy of Notice*

Plaintiff makes two arguments that notice was not effectively given on October 17, 1991. First, he argues that the notice was fatally deficient in content because it did not advise plaintiff of the procedures for obtaining administrative review, and therefore notice of disallowance was not, and still has not been, properly given. Second, he argues that although the notice was dated October 17, it was not properly mailed on that date, and the earliest possible date of effective notice was October 24.

■ The Court will first dispose of plaintiff's content argument. Plaintiff correctly notes that § 1821(d)(5)(A)(iv)(II) requires that a notice contain "the procedures available for obtaining agency review of the determination to disallow the claim or judicial determination of the claim." The notice sent to plaintiff contained only the procedure for obtaining judicial review. This fact does not necessarily make notice defective. The statute clearly requires only notice of those procedures that are in fact "available;" there is no assertion before the Court that an administrative review process is in place. The FDIC has no obligation under FIRREA to establish an administrative procedure for review. 12 U.S.C. § 1821(d)(4) ("The Corporation *may* prescribe regulations ... providing for administrative determination of claims and review of such determination.") (emphasis added). *See also FDIC v. Hanson*, 799

F.Supp. 954, 958, (D.Minn.1992) (plaintiff time-barred from obtaining judicial review of disallowance although he requested administrative review within time limit; FDIC had not implemented administrative review procedure).

■ Plaintiff's argument concerning the effective date of the notice is more persuasive. The FDIC seeks to rely on October 17, 1991, as the date of notice under the statute. Section 1821(d)(6)(A)(ii) starts the running of the 60 day limitations period on "the date of any notice of disallowance pursuant to paragraph 5(A)(i)." Paragraph 5(A)(i) requires the FDIC to "notify the claimant of any determination." Paragraph 5(A)(iii) states that the notification provision is satisfied if notice "is mailed to the last address of the claimant which appears—(I) on the depository institution's books; (II) in the claim filed by the claimant; or (III) in documents submitted in proof of the claim."

The FDIC supplies no factual basis for its argument that October 17 was the effective notice date. Plaintiff, however, makes several factual assertions indicating that notice was not properly given on that date. First, plaintiff asserts that the notice, though bearing the date October 17, was not in fact mailed on that date. Plaintiff provides a copy of the envelope in which the notice was sent, which appears to be postmarked October 21. Furthermore, plaintiff asserts that the initial mailing of the notice was inadequate under the statute. The notice was not mailed to claimant's address, but rather to plaintiff "c/o Mark C. Ouellet, Esq., Ouellet Law Office, Cranston, Rhode Island 02910." This was more than a purely technical deficiency; the mailing wholly failed to provide actual notice, as it was later returned to the FDIC as undeliverable because of insufficient address. *Cf. Bergman v. Comm'r of Internal Revenue*, 888 F.2d 916 (1st Cir.1989) (notice of tax deficiency sufficient to toll statute of limitations despite failure to mail to last address of which government had notice, where notice was forwarded and received without prejudicial delay).

Although the Court does not accept plaintiff's argument that proper mailing under § 1821(d)(5)(A)(iii) is the exclusive means of giving notice, the statute requires either actual notice or compliance with the mailing provision. The FDIC may not simply rely on the date it printed on a notice of disallowance, where that date bears no relation to the date that notice was actually transmitted to the claimant. Here notice was not properly given until plaintiff received a copy of the notice by fax on October 24, 1991. Plaintiff therefore had until December 23, 1991 to file suit, and the present action is timely under § 1821(d)(6)(A)(ii).

### 3. *240 Day Limit*

■ The FDIC contends that even if this suit was filed within 60 days of the Notice of Disallowance, it is nonetheless barred because it was not filed within 240 days of the filing of the Proof of Claim. Section 1821(d)(6)(A) requires that suit be filed within 60 days of the *earlier* of the date of notice or the end of the period described in paragraph 5(A)(i). That paragraph gives the FDIC 180 days to notify a claimant regarding allowance or disallowance of a claim. However, § 1821(2)(5)(A)(ii) allows that period to be extended by written agreement between the claimant and the Corporation.

Plaintiff contends that such an extension was made in this case. He relies on two letters sent by Christine Alexander of the FDIC on July 29 and August 26 which explicitly extend the time during which plaintiff could file in support of his claim. According to plaintiff, these letters reflect an agreement that FDIC had extended the time it had to make a final determination on the claim.

As stated above, plaintiff's allegations are accepted as true for the purposes of this motion. The Court, therefore, accepts the assertion of plaintiff that these letters reflected an agreement that both the time to file proof and the time to make a determination were extended. It is not clear as

**432**

a matter of law that such letters are not adequate to reflect an agreement to extend FDIC's 180 day claims processing period. That being the case, the present suit must be assumed to be timely under both prongs of § 1821(d)(6)(A). The final resolution of the statute of limitations issue must be accomplished by the transferee court.

### III.   CONCLUSION

For the reasons stated above, defendant's motion to dismiss pursuant to Fed. R.Civ.P. 12(b) is hereby denied. Plaintiff's motion for entry of an order to change venue pursuant to 28 U.S.C. § 1406(a) is also denied. The Court hereby transfers this case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1631.

It is so ordered.