April 12, 1993

**Alan C. CONFREDA, Plaintiff,**

v.

**FLEET FINANCIAL GROUP, Fleet Bank, Federal Deposit Ins. Corp., New Bank of New England, Bank of New England N.A., Defendants.**

**No. CA93–0406L.**

United States District Court,
D. Rhode Island.

Dec. 1, 1993.

Plaintiff, pro se.

**52.** *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

Paul Sanford, Providence, RI, for defendants.

### ORDER

LAGUEUX, Chief Judge.

The Report and Recommendation of Magistrate Judge Timothy M. Boudewyns is hereby accepted and adopted. Therefore, all claims asserted by plaintiff against the Federal Deposit Insurance Corporation, New Bank of New England, and Bank of New England, N.A., hereby are dismissed.

### Report and Recommendation

#### Oct. 20, 1993

BOUDEWYNS, United States Magistrate Judge.

Defendant Federal Deposit Insurance Corporation ("FDIC"), in its capacity as Receiver of Bank of New England, N.A., has filed a motion to dismiss based on Federal Rule of Civil Procedure ("FRCP") 12(b)(1) for lack of subject matter jurisdiction. The FDIC argues that the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA" or "the Act"), 12 U.S.C. § 1821, et seq., requires plaintiff to first file all claims against defendants Bank of New England ("BNE"), New Bank of New England ("NBNE"), and the FDIC in its capacity as receiver for these failed institutions ("FDIC Receiver"), with the agency designated to hear these claims in the first instance—the FDIC. I agree that FIRREA specifically withholds this Court's jurisdiction until after the FDIC is given an opportunity to act on the claims. Based on the following discussion, I recommend that the FDIC Receiver's motion to dismiss be granted as to all claims against defendants BNE, NBNE, and the FDIC in its capacity as receiver for these failed institutions.[1]

#### Facts

Plaintiff Alan C. Confreda ("Confreda"), pro se, commenced this action against "Fleet

Financial Group," "Fleet Bank," "Federal Deposit Ins. Corp.," "New Bank of New England," and "Bank of New England Na." on or about July 29, 1993.[2] This Report and Recommendation addresses the claims against defendants BNE, NBNE, and the FDIC in its capacity as receiver for these failed institutions. Confreda claims, inter alia, that these defendants were negligent in carrying out their fiduciary duties in regard to the handling of vehicle titles and dealer accounts, and causing harm to the "ability of the plaintiff to continue a career in the sale of automobiles."

Prior to January 6, 1991, BNE was a national banking institution doing business in the Commonwealth of Massachusetts. On January 6, 1991, BNE was declared insolvent, and the FDIC was appointed receiver pursuant to 12 U.S.C. § 1821(c). NBNE was a successor institution created after the failure of BNE. NBNE also failed, and the FDIC was similarly appointed receiver. Pursuant to operation of law, the FDIC Receiver succeeded to all rights, titles, powers and privileges of BNE and NBNE.[3] The Receiver also became subject to all valid claims against BNE and NBNE.[4]

After the FDIC was appointed receiver, it followed the statutory requirements required by FIRREA to handle claims against the failed institutions. Specifically, the FDIC provided notification to creditors as well as notice to the public that the FDIC was appointed receiver, and the FDIC established bar dates for filing proof of claims against the failed institutions. Confreda never filed a proof of claim against either of the failed institutions. He now wants to raise his claims against the failed institutions in this Court in the first instance.

#### Discussion

Defendant has moved to dismiss for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1). The Receiver argues that subject matter jurisdiction in this Court is

---

**1.** Technically, BNE and NBNE do not exist or no longer exist in any legal capacity. This provides another ground for dismissal as to them.

**2.** Through subsequent motions to this Court, plaintiff has made it clear that he intended to sue

the FDIC in its capacity as receiver for BNE and NBNE.

**3.** See 12 U.S.C. § 1821(d)(2)(A)(i).

**4.** See 12 U.S.C. § 1821(d)(2)(H).

proscribed by FIRREA, which designates the FDIC as the initial forum for handling all claims against failed financial institutions.

Under FIRREA, when the FDIC acts as receiver for a failed institution, it is granted the authority to determine claims against the failed financial institution in accordance with the process established in 12 U.S.C. § 1821(d)(3), (5) and (6).[5] The first step in the process is for the FDIC to afford notice to the potential claimants of a failed banking institution, and to establish a deadline for filing claims.[6] Once a claim is filed with the FDIC as Receiver, it has 180 days to determine whether to allow or disallow such claim.[7] Claims which are proven to the satisfaction of the FDIC Receiver are to be allowed.[8] Except for one narrow exception, claims filed after the bar date shall be disallowed, and such disallowance shall be final.[9] The exception relates to when a claimant "did not receive notice ... in time to file such claim ... "[10]

The right to a judicial determination of the merits of a claim, if denied by the FDIC as Receiver, is found in 12 U.S.C. § (d)(6)(A), which provides in pertinent part:

Before the end of the 60–day period beginning on the earlier of—

(i) the end of the period described in paragraph (5)(A)(i) [the 180 day determination period] with respect to any claim against a depository institution for which the [FDIC] is receiver; or

(ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i),

the claimant may ... file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).[11]

Removing any doubt that the failure to comply with the statutory claims process bars judicial relief, 12 U.S.C. § 1821(d)(13)(D) provides:

(D) Limitation on judicial review

Except as otherwise provided in this subsection, *no court shall have jurisdiction over—*

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including the assets which the [FDIC] may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver (emphasis added).

This claims procedure is mandatory; failure to comply requires the dismissal of any ac-

---

5. *See Mansolillo v. FDIC, as Liquidating Agent and Receiver of Capitol Bank and Trust Co.,* 804 F.Supp. 426, 428 (D.R.I.1992) (Lagueux, J.).

6. Pursuant to 12 U.S.C. § 1821(d)(3), the Receiver is required to publish three times over three months a notice to all creditors of the failed institution, establishing a deadline for the filing of claims not less than ninety (90) days from the date of the first publication. In addition, the FDIC as Receiver must mail similar notice to all creditors appearing on the books of the failed institution. 12 U.S.C. § 1821(d)(3)(C). The FDIC followed these requirements in this case.

7. 12 U.S.C. § 1821(d)(5)(A).

8. 12 U.S.C. § 1821(d)(5)(B).

9. 12 U.S.C. § 1821(d)(5)(C)(i).

10. 12 U.S.C. § 1821(d)(5)(C)(ii).

11. It is clear that jurisdiction does not lie within this judicial district in any event per the mandates of 12 U.S.C. § 1821(d)(6)(A), which requires this suit to be filed in Massachusetts (district within which BNE's principal place of business was located) or the United States District Court for the District of Columbia. *See Mansolillo,* 804 F.Supp. at 428–29. In *Mansolillo,* the Court held that, before transferring a case to another district pursuant to 28 U.S.C. § 1631, the Court would determine whether the transferee Court would have had jurisdiction at the time the complaint was filed. *Id.* at 429. Contrary to the result in *Mansolillo,* it is clear in this case that no federal court would have had jurisdiction over plaintiff's claims. Transfer would thus be inappropriate. Plaintiff's claims should be dismissed.

tion based on such claim.[12] "Congress expressly withdrew jurisdiction from all courts over any claim to a failed bank's assets that are made outside the procedure set forth in section 1821."[13]

The jurisdictional bar of Section 1821(d)(13)(D) reaches (1) claims for payment from the assets of the failed bank, (2) actions for payment from those assets and (3) actions for a determination of rights with respect to those assets.[14] The gravamen of Confreda's complaint is an allegation that BNE, through its officers and employees, committed acts of negligence and fraud, thereby entitling Confreda to compensatory and punitive damages against the FDIC Receiver. Clearly, this constitutes an action for payment from the assets of BNE, for a determination of rights with respect to the assets of BNE, or an action on a claim relating to an act or omission of BNE.[15]

In *Mansolillo, supra,* a case similar to the instant one, the Court answered the question whether the Court would have had jurisdiction, in the District of Massachusetts, to hear the case at the time the complaint was filed, in view of the FDIC's claim that the statute of limitations jurisdictionally barred the suit.[16] The Court recognized that its *jurisdiction* depended upon whether the plaintiff filed a timely action in the District Court. On this point, the Court explained that "the statute clearly requires strict compliance with its procedures as jurisdictional prerequisites."[17] Accepting plaintiff's factual allega-

tions as true, the Court found the FDIC's statute of limitations argument "not clear," assumed jurisdiction, and transferred the case to the District of Massachusetts for final resolution of the statute of limitations issue.[18]

In this case, the jurisdictional issue is much simpler. FIRREA grants this Court jurisdiction to hear claims against the FDIC Receiver only in the 60 day period after (1) the FDIC disallows a claim, or (2) the expiration of the 180 day period in which the FDIC may act on a claim.[19] But this period has not yet begun to run because Confreda has not submitted any claim for the FDIC Receiver's determination. Instead, Confreda seeks action on his claims against the FDIC Receiver in the first instance in this Court.[20] Because he has failed to avail himself of the administrative process specifically established by Congress for the determination of claims against failed financial institutions, this Court is without subject matter jurisdiction to determine the merits of Confreda's claims.[21]

*Conclusion*

For the above reasons, I recommend that the FDIC Receiver's motion to dismiss be granted as to all claims brought against defendants BNE, NBNE, and the FDIC in its capacity as receiver for these failed institutions.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days

---

12. *FDIC, as Receiver for Mountain Ridge State Bank v. Shain, Schaffer & Rafanello,* 944 F.2d 129 (3rd Cir.1991). *See also Rosa v. RTC,* 938 F.2d 383 (3rd Cir.1991); *Circle Industries Division of Nastasi–White, Inc. v. City Federal Saving Bank,* 749 F.Supp. 447 (E.D.N.Y.1990), *aff'd* 931 F.2d 7 (2nd Cir.1991).

13. *Shain, Schaffer,* 944 F.2d at 132.

14. *Id.; see* 12 U.S.C. § 1821(d)(13).

15. *See* 12 U.S.C. § 1821(d)(13)(D).

16. *Mansolillo,* 804 F.Supp. at 431.

17. *Id.*

18. *Id.* at 431–32.

19. 12 U.S.C. § 1821(d)(6)(A).

20. Plaintiff cites *FSLIC v. Ticktin,* 490 U.S. 82, 109 S.Ct. 1626, 104 L.Ed.2d 73 (1989). This case is inapposite because it found "party" jurisdiction based on the administrative agency commencing the action in federal court. 28 U.S.C. § 1345.

21. *See Circle Industries,* 749 F.Supp. at 454 ("As is clearly indicated in the legislative history of FIRREA, Congress intended that a district court not have subject matter jurisdiction of state law claims ... until those claims are first presented to and adjudicated by the RTC or the FDIC."). As recognized by the Court in *Shain, Schaffer,* because the administrative procedure exhaustion requirement of FDIA is statutory, and not judicial, the Court is not at liberty to ignore or waive it. *Shain, Schaffer,* 944 F.2d at 136.

of its receipt.[22] Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the district court.[23]

---

**22.** Rule 32, Local Rules of Court; Fed.R.Civ.P. 72(b).