Joseph C. **KAROL** and Jim Finley, **Plaintiffs,**

v.

**RESOLUTION TRUST CORPORATION,** as **Receiver for Spindletop Savings Association, F.A., Defendant.**

**No. 1–93–CV 0293.**

United States District Court, E.D. Texas, Beaumont Division.

Dec. 2, 1993.

Ed L. Huddleston, Kelley B. Hill, Thomas H. Law, Law Snakard & Gambill, Fort Worth, TX, for plaintiffs.

Peter T. Martin, Karl W. Koen, Herbert Farr, Martin Farr Miller & Grau, Timothy D. Blakeley, Dallas, TX, for defendant.

## MEMORANDUM

COBB, District Judge.

The Resolution Trust Corporation (RTC), much to its chagrin, mistakenly accepted a $36,000.00 bid for a $2,500,000.00 apartment complex at an auction held in Dallas, Texas on September 12, 1992. Plaintiffs Karol and Finley appeared at the designated date for closing, but the RTC, having discovered its mistake, refused to convey the apartment complex. On April 23, 1993, the plaintiffs brought suit in the Northern District of Texas, Fort Worth Division, for equitable title, trespass to try title, declaratory judgment, breach of contract, common law fraud, negligent misrepresentations, violations of the Texas Deceptive Trade Practice Act, violations of the Texas Business and Commerce Code, negligence, and last but not least, gross negligence. Plaintiffs filed a second, slightly leaner, suit in the Fort Worth Division involving the same transaction on June 23, 1993. The plaintiffs filed this third suit, which involves the same transaction, facts, parties, rights, wrongs, duties, obligations and defenses, asserting that the venue provision of 12 U.S.C. § 1821(d)(6)(A) was jurisdictional, and that their two prior suits might be nullities. The RTC has filed various motions, answers subject thereto and asks this court to transfer this case to the Northern District of Texas.

A more detailed factual explanation would be helpful. The property in question is located in Tarrant County, Texas, and includes a 164 unit apartment complex known as the Summit Ridge Apartments. In July of 1988, Belmont Summit Ridge Limited Partnership (Belmont) pledged the property to secure a loan from Spindletop Savings. The Office of Thrift Supervision declared Spindletop insolvent on September 14, 1989, and the RTC was eventually appointed Spindletop's Receiver. Belmont defaulted on its repayment obligations and the RTC scheduled the property for foreclosure. On May 5, 1992, the RTC, as highest bidder, bought the property on the steps of the Tarrant County Courthouse.

The RTC listed the property in its auction held in Dallas on September 12, 1992. Prior to the auction, the RTC distributed a brochure which described Lot 217 as six acres of residential acreage in Benbrook, TX, having an appraised value of approximately $330,000.00. However, the due diligence packet for Lot 217 provided at the auction contained a site plan, rent roll, and appraisal of the 164 unit Summit Ridge Apartments.

At the conclusion of the bidding, Plaintiff Karol was the winning bidder for Lot 217 with a bid of $36,000.00. Karol then signed an Auction Contract of Purchase and Sale,[1] and paid $1,800.00 earnest money. On September 30, 1992, the plaintiffs attended the closing and tendered the full purchase price.

Meanwhile, back at the RTC, the error was discovered. The RTC refused to close and has thrice been sued.

*Transfer to the Northern District*

■ 28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This case is ripe for transfer to the Northern District. The contract contained a forum selection clause designating Dallas, Texas as the forum for disputes under the contract. The parties, as well as the land itself, are located in the Northern District. The great majority of witnesses will presumably be in the Northern District: The offices of the title company, the asset management company, and the auctioneer are all in the Northern District. Finally, the Eastern District has virtually no connection to the case; no parties, witnesses, documents or records are located here.

Venue was originally proper in the Northern District. 12 U.S.C. § 1821(d)(6)(A) provides that claims brought against the RTC as receiver, after being subjected to an administrative claims procedure, may be filed in the district court "for the district within which the depository institution's principal place of business is located." (emphasis added).

The RTC has provided the affidavit of W. Don Kennedy, an Asset Specialist at the RTC. Mr. Kennedy states:

> As part of the duties of my employment, I am familiar with the principal place of business of the Resolution Trust Corpora-

tion as Receiver for Spindletop Savings Association F.A., (the "Spindletop Receivership") . . . As of June 29, 1993, the date of filing of this suit: a) there were no employees of the Receivership in the Eastern District of Texas; b) no offices were leased or owned by the Receivership in the Eastern District of Texas; and c) no records of the Spindletop Receivership were kept in the Eastern District . . . The Spindletop Receivership no longer has any employees. The books and records of the Spindletop Receivership are, and as of the date of the filing of this suit were, maintained in the Northern District of Texas.

■ Plaintiffs have tendered the affidavit of Terri Crow, an employee of plaintiffs' law firm. While her affidavit does not controvert any of the details of Kennedy's affidavit, it challenges its conclusion: "On June 18, 1993, I contacted the Office of Thrift Supervision and spoke to Maurine Clem regarding Spindletop . . . According to Ms. Clem, the records of the Office of Thrift Supervision reflect that the principal place of business for Spindletop Savings Association, F.A., is Beaumont, TX." Mr. Kennedy is an employee of the RTC, and is personally familiar with the operation of the Receivership on the date this suit was filed. Conversely, Ms. Crow's affidavit is conclusory and based in part on hearsay.[2] This court believes Kennedy's affidavit to be generally more trustworthy than Crow's, and therefore finds that the principal place of business of what remains of Spindletop Savings is located in the Northern District of Texas. *See Perkins v. Farrah,* 791 F.Supp 24, 26 (D. Maine 1992); *Gumowitz v. First Fed. Sav. And Loan Ass'n of Roanoke,* 1991 WL 84630 (S.D.N.Y.1991). As such, this suit could have originally been brought in the Northern District. *See Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). This court therefore finds that the interests of justice and the

---

1. Section 9.4 of the contract provides, "In any proceeding involving the transaction contemplated by this Contract, the venue for such proceeding shall be Dallas County, Texas." The decision whether to transfer this case and its siblings to the Dallas Division is more properly made by the District court of the Fort Worth Division.

2. Crow's affidavit does not establish the necessary predicate to meet the business record exception. *See* Fed.R.Evid. 803(6); *Pan Islamic Trade Corp. v. Exxon Corp.,* 632 F.2d 539, 556 (5th Cir.1980) (Affidavits containing hearsay, albeit in summary judgment context, entitled to no weight).

convenience of the parties mandates transfer of this case to the Northern District of Texas, Fort Worth Division.[3]

It is hereby ORDERED that the above numbered cause be TRANSFERRED to the Northern District of Texas, Fort Worth Division.

---

3. This court is of the opinion that 12 U.S.C. § 1821(d)(6)(A), read in light of 12 U.S.C. § 1441a(1)(1), is a venue provision. Therefore, this court has jurisdiction to entertain this case, and transfer is appropriate under 28 U.S.C. § 1404(a). *See Vinton v. Trustbank Savings,* 798 F.Supp. 1055, 1064 (D.Del.1992). If § 1821(d)(6)(A) is found to be a jurisdictional provision, *See Mansolillo v. F.D.I.C.,* 804 F.Supp. 426, 428–9 (D.R.I.1992), this court could nevertheless transfer the case under 28 U.S.C. § 1631.